# Leinkauff & Strauss *v.* Forcheimer & Co.

*Garnishment on Judgment; Contest with Claimant of Fund.*

1. *Promise to one person, for benefit of another.*—On a sale of personal property, where the purchaser promises, as evidenced by the bill of sale, to pay the agreed price to several named creditors of the seller, ratably according to their respective debts, the assent of each creditor will be presumed, since the promise is apparently for his benefit; he may recover the money by action of debt, or *indebitatus assumpsit*, against the purchaser; and until he manifests his election, the money can not be reached by other creditors of the vendor. But, if he refuses to accept the money, the right to it revests in the vendor, and it is subject to garnishment at the suit of other creditors.

2. *Estoppel by election between inconsistent rights*—An embarrassed or insolvent debtor having sold certain bales of cotton, stating in the bill of sale that the purchaser promised and agreed to pay the purchase-money to several creditors, a specified sum to each; a creditor can not, while attacking the sale for fraud, claim his share of the money in the hands of the purchaser; and if he is unsuccessful in his suit attacking the sale, he can not afterwards assert a claim to the money, as against another creditor, who, having accepted his share of the money, recovered a judgment for the balance of his debt, and sued out a garnishment against the purchaser; nor is the latter creditor estopped, by his acceptance of the money in the first instance, from afterwards maintaining such garnishment.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This was a statutory contest, between Forcheimer & Co., judgment creditors of A. J. Harris, who had sued out a garnishment against Lehman, Durr & Co., as the debtors of said Harris; and Leinkauff & Strauss and C. A. Stern & Co., each claiming a part of the fund which the garnishees admitted to be in their hands, and which they paid into court.

[Leinkauff & Strauss v. Forcheimer & Co.]

The case was submitted to the court on an agreed statement of facts, with leave to either party to except and appeal. It appears from the agreed statement of facts that the money in controversy, $1150.14, was part of the agreed price of 64 bales of cotton, sold by said Harris to Lehman, Durr & Co., on the 30th October, 1886, when he executed to them a bill of sale, as follows: "Know all men," &c., "that for and in consideration of the sum of $2,300, which Lehman, Durr & Co. agree and bind themselves to pay to the creditors of my Geneva business, as follows: to Keith & Son, $334.71; to C. A. Stern & Co., $422.05; to Leinkauff & Strauss, $728.09; to M. Forcheimer & Co., $548.05; to J. Pollock & Co., $217.05; and to Cavanaugh, Barney & Co., $50.05; I hereby sell, transfer and convey to the said Lehman, Durr & Co. 64 bales of cotton now in the warehouse, and around and about the warehouse in the town of Geneva, Alabama, a list of the marks and weights of which cotton is hereto attached. Witness my hand," &c. It was agreed, also, that $2,300 was the fair market value of the cotton at that time, and the cotton was delivered to the purchasers. At the time of this sale, Harris, who had been carrying on business as a merchant at Geneva, had become embarrassed, if not insolvent; and a few days before, on October 25th, he had transferred his stock of goods, notes and accounts, to Lehman, Durr & Co., and other creditors in Montgomery. On the 28th October, Leinkauff & Strauss and C. A. Stern & Co. each sued out attachments against said Harris, on the ground that he had fraudulently disposed of his property; and garnishments were issued and served under these attachments, which have no relevancy to the issues involved in this suit. When informed by Lehman, Durr & Co. of the money in their hands to be paid out to the creditors named in the bill of sale, Forcheimer & Co. accepted the amount to be paid to them, but Leinkauff & Strauss and C. A. Stern & Co. each refused to accept; and on the 18th November, 1886, they each sued out *alias* attachments, which were levied on the cotton sold by Harris to Lehman, Durr & Co. The latter interposed a claim to the cotton, made affidavit, and gave bond for a trial of the right of property; and on the trial a judgment was rendered in their favor, which judgment was affirmed by this court, on appeal, July 1st, 1887. "Within the first ten days of November," Forcheimer & Co. and several other creditors named in the bill of sale also sued out attachments against Harris, on the ground that he had fraud-

ulently disposed of his property; "but, admitting the validity of said sale of cotton to Lehman, Durr & Co., they gave credit on their respective debts for the amounts to be paid them by Lehman, Durr & Co., and levied their attachments only on the stock of goods; and these attachment suits were pending when the attachments of Leinkauff & Strauss and C. A. Stern & Co. were levied on said cotton." The Montgomery creditors, the transferrees of the stock of goods, interposed a claim to the property thus attached, and gave bond to try the right of property; but the suits were settled by compromise, the goods sold, and the proceeds of sale divided among the several claimants, Forcheimer & Co. receiving $134.74 on their debt. The attachment suits were prosecuted to judgment on the 25th March, 1887, the judgment in favor of Forcheimer & Co. being for $895; and on this judgment they sued out a garnishment on March 31st, which was served on Lehman, Durr & Co. as the debtors of Harris. Forcheimer & Co. claimed the money in the hands of Lehman, Durr & Co., or their proportionate part of it, under this garnishment.

On the facts above stated, the court rendered judgment in favor of Forcheimer & Co. for $431.58, as their share of the money paid into court by the garnishees; to which judgment Leinkauff & Strauss and C. A. Stern & Co. excepted, and they here assign it as error.

GAYLORD B. CLARK & F. B. CLARK, for appellants.—These claimants attacked the sale of the cotton for fraud, honestly believing there was fraud, and having facts sufficient to make out a *prima facie* case of fraud, though they were judicially explained in the course of the litigation. But they gained nothing by their attack on the sale, and did not put their opponents in any worse position; on the contrary, the litigation resulted in a benefit to the appellees, whose title to the money they received from Lehman, Durr & Co. was thereby confirmed. On the admitted facts, there is no estoppel against the appellants.—Bigelow on Estoppel, 98–100, 503; *Hunley v. Hunley*, 15 Ala. 92; *Gwynn v. Hamilton*, 29 Ala. 233; 7 Amer. & Eng. Encyc. Law, 22–3, notes; Bump's Fraud. Conv. 466–8; 9 Penn. St. 203; 104 Penn. St. 615; Bispham's Equity, § 294; *Williams, Deacon & Co. v. Jones*, 77 Ala. 294. On the contrary, Forcheimer & Co., having accepted their part of the purchase-money of the cot-

ton, can not now heard to claim the part which was assigned
to these appellants.—*Hatchett v. Blanton*, 72 Ala. 424.

J. L. SMITH, with PILLANS, TORREY & HANAW, *contra.*
Appellants could not, while attacking the sale of the cotton
for fraud, claim the money thereby appropriated for their
benefit, for one can not claim both under and against an
assignment. The money left in the hands of Lehman, Durr
& Co., when appellants refused to accept it, belonged to Har-
ris, and was subject, of course, to legal process at the suit of
his creditors. Lehman, Durr & Co. assert no claim to the
money, but have paid it into court; and their title to the cot-
ton was admitted by Forcheimer & Co. before it was con-
firmed by judicial decision. Forcheimer & Co. have never
attacked the sale of the cotton, and they do not now assail it,
but only seek to reach the money left in the hands of the
purchasers, which other creditors have refused to accept.
They invoke the doctrine of estoppel, on the authority of
*Henry v. Murphy*, 54 Ala. 252; *Price v. Masterson*, 35 Ala.
489; *Coleman v. Hatcher*, 77 Ala. 222; *Hatchett v. Blanton*,
72 Ala. 433; *Caldwell v. King*, 76 Ala. 155; Burr. Assign-
ments, §§ 479, 491; *Espy v. Comer*, 80 Ala. 338; *Watts v.
Eufaula Bank*, 76 Ala. 480; *Lehman v. Meyer*, 67 Ala. 403;
33 Penn. St. 40; Herm. Estoppel, 1176; *Iron Works v.
Renfro*, 71 Ala. 577; *Abrams v. Carter*, 53 Ala. 8; *Tread-
way v. Treadway*, 56 Ala. 390; *Lehman v. Warren*,
53 Ala. 535; 65 Ala. 211.

STONE, C. J.—When Harris and Lehman, Durr & Co.
concluded their contract of sale and purchase of the sixty-
four bales of cotton, the result was that, *prima facie*, Leh-
man, Durr & Co. became debtors to Leinkauff & Strauss in
the sum they had promised to pay them, $728. This was
part of the purchase-price of the cotton; and the promise,
made as part of the contract of purchase, being to pay to
Leinkauff & Strauss, the law, in the absence of all other
facts, presumes their acquiescence in, and acceptance of it,
because it appears to be for their benefit. It clothed them
with such right to the money, as that they could have main-
tained *indebitatus assumpsit* for its recovery. Any attempt,
made at that time, to subject this indebtedness of Lehman,
Durr & Co. to the payment of other debts of Harris, would
have failed.—*Coleman v. Hatcher*, 77 Ala. 217.

The presumption, however, that Leinkauff & Strauss would

and did accept this provision for their benefit, and would agree to accept Lehman, Durr & Co. as their debtors, was not conclusive. It was made without their concurrence, and was open to their ratification or rejection. If, on being informed of it, they repudiated the arrangement, and sought other remedies inconsistent with it, this would be equivalent to a rejection of the benefit, and, at least so long as they prosecuted the inconsistent claim, would annul or suspend the promise to pay them, made by Lehman, Durr & Co. They could not, at one and the same time, attack the sale of cotton made to Lehman, Durr & Co. as fraudulent, and claim the provision that sale had procured for their benefit. 3 Brickell's Digest, 341, §§ 160, 161; *Butler v. O'Brien*, 5 Ala. 316.

We are within safe bounds when we hold, that when Leinkauff & Strauss rejected the offer made in the contract, for Lehman, Durr & Co. to pay them the specified sum of money, and attacked for fraud the trade of which that promise was a part, that money became due and payable to Harris, if to any one. If Lehman, Durr & Co. did not lose the cotton, which was the consideration of the promise, they owed the money; and Leinkauff & Strauss refusing to receive it, they owed it to Harris, from whom the consideration had moved. It then, like any other money debt due to Harris, became subject to garnishment at the suit of his judgment creditors.

Pending the suit of Lienkauff & Strauss, to subject to their claim the cotton which Harris had sold to Lehman, Durr & Co., for alleged fraud in the sale, Forcheimer & Co., having obtained a judgment against Harris, had a writ of garnishment served on Lehman, Durr & Co., as supposed debtors of Harris. Lehman, Durr & Co. answered the garnishment, setting forth the facts, and deposited the money in court. Leinkauff & Strauss, having failed to subject the cotton to their demand, then set up a claim to the money paid into the court by Lehman, Durr & Co. The conflicting claims of Forcheimer & Co., as attaching creditors, on the one side, and Leinkauff & Strauss on the other, constituted the issue in this cause. The Circuit Court adjudged the money to Forcheimer & Co.

Like Leinkauff & Strauss, Forcheimer & Co. had been provided for in the cotton sale to Lehman, Durr & Co. It was one of the provisions of that contract, that Lehman, Durr & Co. should pay them $548. In this respect, they stood precisely in line with Leinkauff & Strauss. They accepted the

[Tompkins v. Levy & Brother.]

provision made for them, and thereby estopped themselves from assailing the cotton sale made to Lehman, Durr & Co. And so long as the transaction remained as originally agreed on, they would not be heard to gainsay the validity of the provision therein made for Leinkauff & Strauss.—*Sloan v. Frothingham*, 72 Ala. 589; *Hatchett v. Blanton*, *Ib.* 423.

When, however, Leinkauff & Strauss refused to accept the provision made for them, and took steps to set the sale aside as fraudulent, this released the promise as made by Lehman, Durr & Co. to pay them, and left the fund subject to attachment at the suit of any of Harris' creditors, if the other facts authorizing attachment existed. We are not able to perceive any reason why Forcheimer & Co., because they were also provided for in the sale, should be debarred this right. It was not an attempt to claim against the deed, after accepting a benefit conferred by it. It was, at most, an effort to condemn what had not been allowed to pass by the provisions of the deed.

Affirmed.