## W. W. WILLIAMS V. ALBERT HADLEY.

ASSIGNMENT BY PARTNERS, *When a General One.* Where a voluntary assignment is executed by L. & B., who are partners in the grocery business, and signed by their respective wives, who release all right, title and interest in the real estate thereby conveyed, and the assignment purports to assign and transfer all the property of L. & B. of every kind and description, except that exempt by law; and provides that from the proceeds of the property when sold, the assignee shall pay and discharge all debts of L. & B., but if not sufficient therefor, to pay ratably in proportion to the amount of the indebtedness, without distinction or preference, *held*, that said assignment is a general one, and conveys the partnership effects of the partners and their separate property, not exempt by law, notwithstanding that where the names of L. & B. appear in the body of the written instrument they are immediately followed by "copartners," or "partners." These latter words, as used, may be regarded as mere *descriptio personæ*, and not as limiting the assignment to partnership property.

### *Error from Douglas District Court.*

THIS was an action in replevin in the court below, brought originally by one Joel S. White, as assignee of C. M. Luther and N. Bond, against *W. W. Williams*, to recover the possession of certain personal property. After the commencement of the action and before the trial, *Albert Hadley*, the defendant in error, having become the assignee of Luther & Bond by election of the creditors in accordance with provisions of ch. 101, laws of 1876, was substituted as plaintiff in the place of White. The property was claimed by said White, and afterward by *Hadley*, by virtue of a voluntary assignment executed Sept. 25th, 1876, by Messrs. Luther & Bond to said Joel S. White, as authorized by ch. 6, Gen. Stat. The answer of *Williams* was a general denial, with a prayer for the return to him of the property taken in the action on the order of delivery. *Williams* was a constable, and had possession of the property at the commencement of the action as such officer, under an order of sale issued upon a judgment rendered on Oct. 2d, 1876, in an

action before a justice of the peace of Douglas county, wherein one Wm. Smith was the plaintiff and said Luther & Bond were the defendants. This action of attachment was instituted on Sept. 27th, 1876, and the property in controversy seized on Sept. 28th, 1876. Prior to the assignment, all of this personal property was the individual property of N. Bond. Plaintiff in error claimed and introduced evidence to show that about Aug. 6th, 1876, said Bond, then being involved, gave the property to his daughter, one Mrs. Fisher. The case was tried by the court without a jury. Judgment was rendered in favor of *Hadley*. *Williams* brings the case here on error, and seeks a reversal. A copy of the assignment is as follows:

*This indenture, made this 25th day of September, A. D. 1876, by and between Caleb M. Luther and Nathaniel Bond, co-partners, doing business at Lawrence, Kansas, under the firm-name of C. M. Luther & Company, parties of the first part, and Joel S. White, of Lawrence, Kansas, party of the second part:*

Whereas, the said parties of the first part are indebted to various persons in divers sums of money which they are at present unable to pay, and are willing to assign all their property for the benefit of their creditors, now, therefore, this indenture witnesseth: That the said parties of the first part, for and in consideration of the premises and of the sum of one dollar, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted and bargained, assigned, transferred, set over, and conveyed, and by these presents do grant, bargain, sell, assign, transfer, set over and convey unto the said party of the second part, his heirs, executors, administrators and assigns, all the estate, both real and personal, of the said parties of the first part of every kind and description, (excepting such as is by law exempt from execution,) including the stock of staple and fancy groceries now in the store occupied and kept by the said C. M. Luther & Company, at number eighty-seven, on Massachusetts street, in the city of Lawrence, Kansas, together with all the right, title and interest of the said parties of the first part, in and to the horses and wagon used by said C. M. Luther & Company in delivering goods, and all of the fixtures of every kind used in and about the store and

business of said parties of the first part, and belonging to them, and all notes, credits, accounts, claims, and choses in action of every nature belonging to the parties of the first part; to have and to hold the same, and every part thereof, with the appurtenances unto the said party of the second part, his heirs, executors, and administrators and assigns, in *trust*, however, and only to and for the uses and purposes following, that is to say: To sell and dispose of the said hereby assigned property, and to convert the same into money, and to collect the debts hereby assigned, or so much thereof as shall be found collectible, and out of the proceeds of such sales and collections, after first deducting all the costs and expenses of the same, and all the costs and charges of executing the trust created by these presents, and a reasonable compensation to said party of the second part for the services performed in executing said trust, to pay and discharge in full and with lawful interest, if the said net proceeds shall be sufficient for that purpose, all and singular the debts due and owing from the said Caleb M. Luther and Nathan Bond, partners as aforesaid, to every person whomsoever; and if the said net proceeds shall not be sufficient for the payment of the said debts in full, then to apply the same so far as they will extend to the payment of the said debts ratably, and in proportion to the amount thereof without distinction or preference. And we, the undersigned Sarah E. Luther, wife of the said Caleb M. Luther, and Sarah A. Bond, wife of the said Nathan Bond, do each severally and respectively hereby relinquish and release all claim, right, title and interest in or to the real estate, lands and tenements above conveyed.

Witness our hands and seals, this 25th day of September, A. D. 1876.

| | |
|---|---|
| C. M. LUTHER. | [Seal.] |
| NATHAN BOND. | [Seal.] |
| SARAH E. LUTHER. | [Seal.] |
| SARAH A. BOND. | [Seal.] |

STATE OF KANSAS, COUNTY OF DOUGLAS, SS.

Be it remembered, that on the 25th day of September, A. D. 1876, before me, a notary public in and for said county and state, came Caleb M. Luther and Sarah E. Luther his wife, and Nathan Bond and Sarah A. Bond his wife, to me personally known to be the same persons who executed the foregoing instrument, and duly acknowledged the execution of the same.

In witness whereof, I have hereunto subscribed my name

and affixed my official seal, on the day and year last above written.

[ Seal.]        WM. T. SINCLAIR, *Notary Public.*

At the April Term, 1877, of the district court, *Hadley* had judgment against *Williams,* who brings the case here for review.

*B. J. Horton,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question in this case for our consideration is, whether the voluntary assignment of Luther & Bond of September 25th, 1876, operated as a transfer and conveyance of the individual property of Bond? If it did so operate, then White, as assignee, was clothed with all the necessary power to obtain possession of the property, and entitled to it wherever it might have been, or in whosesoever hands. Against such assignment, counsel contend that the use of the word *partners* therein was intended to designate the capacity in which the assignors were making the assignment, and to limit the assignment to partnership property for the benefit of partnership creditors, and was solely the assignment of Luther & Bond, partners, as C. M. Luther & Co. of the partnership property in trust for their partnership creditors. Therefore it did not include the property in dispute, which was the individual property of Bond. We do not think the assignment will bear this construction. It purports to assign all the property of C. M. Luther and Nathaniel Bond, both real and personal, of every kind and description (excepting such as was exempt), and directs the assignee from the proceeds of the sale of such property and collections of their claims, to pay and discharge in full all and singular the debts due and owing from said C. M. Luther and N. Bond, and if the net proceeds are not sufficient for the payment of these debts in full, then the assignee is required to apply the same ratably and in proportion to the amount of the indebtedness without distinction or preference.

The assignment was executed by both Luther and Bond, and their respective wives released all right, title and interest in the real estate thereby conveyed. It is true that in the body of the instrument where appear the names of Luther & Bond, "copartners" or "partners" follow, but these words may be justly treated as descriptive of the persons of the assignors, and not as limiting the assignment to a partial one. Under this view the assignment was general. The partnership effects of the partners and their separate property (not exempt) were conveyed by it. An attempt is made by counsel for plaintiff in error to present the question of the right of an assignee of a voluntary assignment to impeach or set aside a fraudulent gift or transfer of property, but with no special findings and only a general finding, we cannot assume that the court below found that Bond prior to the execution of the assignment had ever parted with the property. The court may have found that there was no gift thereof to the daughter, at least not such a transfer as gave her any title.

The judgment of the district court will be affirmed.

All the Justices concurring.