O'BRYAN BROS. *v.* GLENN BROS.

(*Nashville.* January 9, 1892.)

1. ESTOPPEL. *By repudiation of benefits of deed.*

Repudiation of the benefits of a deed by an unequivocal and decisive act done by the beneficiary with full knowledge of all the facts affecting his rights, estops him conclusively and forever to assert any rights under the deed.

Cases cited and approved: Farquharson *v.* McDonald, 2 Heis., 419; Bell *v.* Steel, 2 Hum., 148.

2. SAME. *Same.*

And filing bill impeaching the deed as fraudulent is such unequivocal and decisive act on the part of the beneficiary as, when done with full knowledge of the facts, works an estoppel upon him.

3. SAME. *Same.*

And if the bill was filed with full knowledge of the facts, the estoppel attaches and continues, although the act was induced by the mistaken advice of an attorney as to the validity of the deed, and notwithstanding the fact that the beneficiary, upon being better advised, promptly dismissed his bill before any loss or injury had resulted to any one in consequence of its being filed.

---

FROM MAURY.

---

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

HUGHES & HATCHER, and FIGUERS & PADGETT for O'Bryan Bros.

GEORGE P. FRIERSON for Glenn Bros.

LEA, J.   On June 29, 1891, the Glenn Bros., merchants and residents of Maury County, made a special assignment of their stock to J. W. and C. A. Lee for the purpose of securing, in the order named, the following indebtedness:

First, a debt of $350 to C. A. Lee; second, a debt of $565 to O'Bryan Bros.; and, lastly, a debt of $371 to the Connell-Hall-McLester Co.   On the same day the deed was filed for registration. The trustees were given power to take immediate possession of said stock of goods, to sell the same at once, and appropriate the proceeds to the payment of costs, then to the debts named in the order indicated.

On the day after the deed was filed for registration J. W. and C. A. Lee, who reside in Williamson County, came to Columbia to examine into the matter.   They went to the Register's office, procured the deed or a copy thereof, and carried it home with them.   While in Columbia C. A. Lee asked the opinion of a lawyer in regard to the trust deed, who told him there was nothing for him to do but to accept the trust, qualify, and execute the same.   Two days afterward the Lees went to Franklin, as C. A. Lee says, to seek advice in regard to his duties, liabilities, and rights

under the deed. Upon reaching Franklin they showed the deed to a bank cashier and a grocery merchant, who advised them that the deed. was worthless, and advised them to consult an attorney. They did so, and he advised them the deed was invalid, and void as contravening the general assignment statute. Thereupon, at the instance of the attorney, an attachment bill was drafted, in which it was alleged that the deed was made to defraud the creditors of the Glenns, and especially the complainant, C. A. Lee, and asking that the deed be declared fraudulent and void, and the property therein conveyed be attached, sold, and applied to the payment of the indebtedness of the Glenns to complainants.

The bill was sworn to, and C. A. Lee boarded the train and went to Pulaski and obtained from the Chancellor a fiat for an attachment. He returned to Columbia, and on July 3 he filed the bill in the office of the Clerk and Master, and thereupon an attachment was issued and placed in the hands of the Sheriff, and the stock of goods conveyed in the assignment to the trustees, J. W. and C. A. Lee, was levied on by the Sheriff. After this they again consulted an attorney at Columbia, who advised them that the deed of assignment was valid, and then on July 9 they dismissed the attachment bill. Afterward they gave bond as trustees, and were proceeding to close the trust when the bill was filed in this case against them and the Glenn Bros. by O'Bryan Bros. and

the assignee of the Connell-Hall-McLester Company, the two other creditors named in the assignment, to have a receiver appointed, and to exclude C. A. Lee from any benefit under the trust, as he had repudiated the same, alleging that the filing of the attachment bill was an election to renounce the trust.

The Lees answered and admitted the facts above set forth, but insisted that they filed the attachment bill under the advice of an attorney, and alleged and proved that there was no loss or injury of any kind to the property attached from the date of attachment to the dismissal of the bill.

Upon the hearing the learned Chancellor held that, there being no loss or injury to the property, and as complainants suffered no loss or injury to their rights or interest in the premises, that defendants, J. W. and C. A. Lee, did not, by the filing of their attachment bill, lose their right to act as trustees and to execute the trust, and that the defendant, C. A. Lee, did not thereby forfeit or lose his rights under said deed, and complainants' bill was dismissed.

The action of the Court was erroneous. The defendants could elect to take under the assignment, or they might renounce the same and attack the assignment, but a creditor cannot be permitted to assail and claim under an assignment. It has been held by this Court, and it is sustained by all the authorities, that any distinct and unequivocal act of renunciation of the benefits of a deed

by any of the creditors intended to be benefited, will operate against any further claims under the deed. *Farquharson* v. *McDonald*, 2 Heis., 419.

They elected to renounce and repudiate the benefits of the assignment when they filed the attachment bill alleging that the assignment was fraudulent and void. 121 N. Y., 167. But it is insisted that the attachment bill was filed by the defendants under a mistaken view of the law by an attorney. This can make no difference. The Lees were acquainted with all the facts in the case, and that they were wrongfully advised cannot, of itself, destroy or render nugatory their renunciation of the benefits under the assignment. *Bell* v. *Steel*, 2 Hum., 148.

It is further insisted that complainants in this case suffered no loss or injury to their rights or interest by the filing of the attachment bill and the attaching of the assigned property, and, therefore, that they are not estopped to assert their rights under the deed of assignment. Bigelow on Estoppel, 573 (5th Ed.), says: "The election, if made with knowledge of the facts, is in itself binding; it cannot be withdrawn without due consent, although it may not have been acted upon by another by any change of position." Herman, in his work on Estoppel and Res Judicata, 1177, edition of 1886, says: "One entitled to a benefit under an instrument, whether it be a will or any contract, if he claims the benefits of such instrument, he must abandon every right the assertion whereof

would defeat even partially the provisions of the instrument. A party cannot occupy inconsistent positions, but will be confined to his election." In 2 Swan, 282, it is said: "In case of election, the rule is, if a person determines his election, it shall be forever determined."

The question is, Has an election been made by a direct and unequivocal act? If so, he must stand by it, and his future action cannot be changed by the fact that others were not injured; and, therefore, it was wholly immaterial whether any loss or injury was sustained by complainants between the filing of the attachment bill and its dismissal.

The result is that the decree of the Court dismissing complainants' bill is reversed, and this cause will be remanded for the purpose of having said trust executed under the directions of the Court, in accordance with this opinion. The defendants, J. W. and C. A. Lee, will pay the cost of this Court and of the Court below.