ADLER-GOLDMAN COMMISSION COMPANY *v.* PEOPLE'S BANK.

Opinion delivered June 11, 1898.

ASSIGNMENT—ELECTION.—By attacking an assignment as fraudulent, a creditor preferred therein is held to have elected to renounce the benefit of his preference, and, upon the assignment being sustained, he cannot claim the benefit of such preference, even though he was advised by the assignee's counsel that such action would not have this effect. (Page 382.)

Appeal from White Chancery Court.

THOMAS B. MARTIN, Chancellor.

*Rose, Hemingway & Rose*, for appellant.

Where a party has his election between two inconsistent modes of procedure, his choice of either mode estops him from subsequently pursuing the other one. Appellant has elected to treat the assignment in this case as void; hence he cannot now be heard to claim under its terms. Big. Est. (5 Ed.) 673; 30 Ark. 453; 32 Ark. 346; 47 Ark. 320; 53 Ark. 513; Burrill, Assign. (6 Ed.) § 384; 10 N. H. 108–111; 43 N. H. 421; 43 Mo. 583; 11 Wheat. 78; 2 Heisk. 41; 17 S. W. 1030; 33 Pa. St. 40; 101 Pa. St. 474; 104 Pa. St. 351; 111 Mass. 272; 44 Fed. 467, 469. An election may sometimes be avoided on the ground that it was made under a mistake of fact, but this does not apply to a case where the election was made upon the advice of the attorneys who drew the assignment. If such advice had been given by appellants themselves, there would arise no

estoppel.  Big. Est. (5 Ed.) 572.  Declarations made by the grantor after a conveyance cannot affect the rights of the grantee or beneficiaries.  5 Ark. 13; 6 Ark. 109; 24 *id.* 111; 14 *id.* 304; 10 *id.* 428; 11 *id.* 249; 40 *id.* 237; 43 *id.* 320. Wrong advice of counsel is not an available plea for appellees in this case.  17 S. W. 1030.

*Jas. H. Harrod* and *S. Brundidge*, for appellees.

The bringing of a suit by a preferred creditor to test the legality of a deed of assignment will not defeat his right to claim under the deed and share in the assets if the assignment is sustained.  Burrill, Assign. (6 Ed.) § 426; 1 Edw. Ch. 195; 13 L. R. A. 472

BATTLE, J.  On the 2d day of January, 1895, A. F. Smith made an assignment of all his property to A. W. Yarnell for the purpose of securing, in the order named, the following creditors:  First, the People's Bank; second, J. C. Caldwell and J. M. Crabtree; third, the Adler-Goldman Commission Company, the amount of whose debt exceeded the value of the property assigned; and fourth, all other creditors.

Rice, Stix & Co., unpreferred creditors of Smith, caused the property assigned to be attached to secure their debt, and thereupon the People's Bank, Caldwell, and Crabtree sued out orders of attachment, and caused them to be levied upon the same property.  The assignee claimed the property, and the assignment was sustained.  From this order the attaching creditors prosecuted an appeal to this court, where it was docketed as "*Rice, Stix & Co.* v. *A. F. Smith;*" and the decision of the court below was affirmed.  After the cause was remanded, the assignee filed his report in the chancery court, setting up the foregoing facts, advising the court that the Adler-Goldman Commission Company, which had accepted the assignment, and proved up its claim under it, had notified him not to pay over the amount due the People's Bank, Caldwell, and Crabtree, under the assignment, on the ground that they had forfeited their preference by attacking the assignment and attaching the assigned property, and he asked the instructions of the chancery court.

The People's Bank, Caldwell, and Crabtree filed their response, in which they say that, before their attachment suits were brought, they consulted the attorneys of the assignee as to the propriety and effect of their attaching the assigned property, and that said attorneys, who had prepared the assignment, advised them that, as a matter of precaution, they had better attach, and that attaching would not affect their preference; and that, acting on this advice, and on that of their attorney, they brought said attachment suits and have in no other way declined to accept the provisions made for them in the deed.

On the final hearing, the assignee, the People's Bank, Caldwell, Crabtree, and the Alder-Goldman Commission Company appeared by their attorneys; and the Alder-Goldman Commission Company objected to the People's Bank, Caldwell, and Crabtree sharing as preferred creditors in the distribution of the assigned property; but the court ordered that the assignee carry out the assignment according to its terms, paying the debts of said parties in preference to that of the Alder-Goldman Commission Company, and from this decree the latter appealed.

Appellees were under no obligation to accept the provisions made for them by the assignment. They could have rejected or accepted it, but could not do both. They should have elected which they would do.

Mr. Bispham says: "It was said by Sir William Grant, in *Kidney* v. *Coussmaker*, 12 Vesey, 156, that the doctrine of election did not apply in the case of a creditor. This *dictum* is true enough if confined only to those cases in which property is charged by will with debts, for in such a case the creditor may claim the benefit of the charge, and still seek satisfaction of his debt out of other assets. But the rule is, nevertheless, not of universal application; for it has been decided that when a creditor decisively acquiesces in a certain disposition of the debtor's property, he will not be allowed to enforce the collection of his debt by proceedings by which that disposition may be violated. Thus, if a creditor accepts a dividend under an assignment for the benefit of creditors, he will not afterwards be allowed to avoid the assignment, in order to render assets

covered thereby liable to execution for his debts." Bispham's Eq. § 306.

Mr. Perry says: "By accepting the trust (under an assignment for the benefit of creditors), a creditor made trustee waives all claims and liens upon the property inconsistent with the deed. [Citing *Harrison* v. *Mack*, 10 Ala. R. 185.] So creditors who accept the benefit conferred under such deed, and receive dividends or other advantages thereby, cannot set up rights inconsistent with the deed; nor can they, after receiving such advantages, impeach it and procure it to be set aside, but they must comply with its provisions." 2 Perry, Trusts, § 597.

Mr. Burrill says: "In the case of a voluntary assignment, where the assignor creates his own trusts, a creditor who comes in to claim a share of the fund under it must be content to take such share of it as the assignor intended to give him, and cannot claim that which was intended to be given to the assignee in trust for others. A creditor of the assignor, whether provided for by the assignment or not, who wishes to repudiate the trusts of the assignment on the ground that they are illegal and a fraud upon the honest creditors of the assignor, must apply to set aside the assignment as fraudulent and void against him as a creditor, instead of coming in under the assignment itself as a preferred creditor or otherwise." Burrill, Assignment, p. 527, note 1.

In *Irwin* v. *Tabb*, 17 Serg. & Rawle, 442, Chief Justice Gibson said: "The books are full of cases which show that a party shall not contest the validity of an instrument from which he draws benefit, or affirm it in part and disaffirm it in part." And in *Frierson* v. *Branch*, 30 Ark. 453, this court held: "A creditor who elects to accept the benefit of a provision contained in a deed of assignment cannot attack provisions contained in it in favor of other creditors on the ground of fraud. He must either accept or reject it *in toto*."

Having accepted the benefits of an assignment, a creditor cannot impeach or repudiate it, on the ground that it is illegal or fraudulent. So, having repudiated it, it would seem, he cannot afterwards take under it. The reason of the rule in both cases is the same, and that is, he is not entitled to two inconsistent and adverse rights. One is necessarily a denial of the

other.    In such case he must generally elect which he will take, and an election of one is the surrender or rejection of the other. Having made an election with a knowledge of the facts, he is bound by it, and cannot withdraw it without consent.

The right of a creditor to share the benefits of an assignment is based in part upon his assent.    This is one of the conditions upon which he takes under the assignment.    No express assent, however, is necessary to be given to enable him to share its benefits.    "This rule is said to be founded on the established principle of the common law that it is not necessary to the creation of a trust by a deed in favor of any person that the *cestui que trust* should be either a party or assent to it;" for, if the trust be to his benefit, the law presumes his assent to it until the contrary be shown.    But this presumption is not absolute or conclusive.    He is not deprived of his free agency. He is not bound to accept the provisions of the assignment. He is still at liberty to reject them.    If he does so, his election is final, and he cannot claim under it.    He cannot repudiate it, and then claim its benefits.    *Valentine* v. *Decker*, 43 Mo. 583; *Farquharson* v. *McDonald*, 2 Heisk. 404; *O'Bryan* v. *Glenn* (Tenn.), 17 S. W. 1030; *Leinkauff* v. *Forcheimer*, 87 Ala. 258; *Jones* v. *Burgess*, 19 South. 851; Burrill, Assignments (6 Ed.), §§ 441, 454.

In this case the appellee refused to accept the benefits of the assignment when, with a knowledge of the facts, they sued out the orders of attachment, and caused the same to be levied on the property assigned.    They prosecuted their attachments to a judgment against them in the circuit court, and then appealed to this court, where the judgment of the court below was affirmed.    They thereby renounced and rejected the benefits of the assignment, and cannot now claim or receive the same. The fact that they were advised to sue out the attachments did not destroy or render nugatory the effect of the attachments.

The decree of the chancery court is reversed, and the cause is remanded, with instructions to the court to enter a decree in accordance with this opinion, and for further proceedings.