Argued 16 October; decided 28 October; rehearing denied 25 November, 1901.

## KERSLAKE v. BROWER LUMBER COMPANY.

[66 Pac. 437.]

ESTOPPEL—INCONSISTENT CLAIMS—ELECTION.*

A litigant will not be permitted to assume inconsistent positions in a legal proceeding, but must elect to pursue one remedy or another; as, for example, a creditor of an insolvent cannot claim part of the fund created from the assigned property and at the same time insist that the assignment is void.

IDEM.

Where a creditor of an insolvent wishes to repudiate an assignment on the ground that it is illegal and fraudulent, he should apply to set the assignment aside.

*Note.—The question of the effect of pursuing one of several remedies is considered in different forms in the notes to the following annotated cases: *Thomas* v. *Joslin*, 1 Am. St. Rep. p .629; *Fowler* v. *Bowery Sav. Bank*, 4 L. R. A. 145, 10 Am. St. Rep. p. 486; *Conrow* v. *Little*, 5 L. R. A. 693; *Terry*

From Multnomah:  ARTHUR L. FRAZER, Judge.

On June 21, 1894, the Brower & Thompson Lumber Company, an insolvent corporation (hereinafter designated as the "Lumber Company"), conveyed all of its property, real and personal, by deed and bill of sale absolute in form, to one E. H. Thompson, in trust, however, "for the benefit of all its creditors, without any preference or priority, other than provided by law." The declaration of trust was never placed on record, but Thompson immediately took possession of all the property of the lumber company, and continued to manage, control, and dispose of the same in accordance with the terms of his trust until he was removed by the court below in this suit. After he had taken possession of the property, and on August 14, 1894, the Latourelle Falls Wagon Road & Lumber Company (hereinafter designated as the "Wagon Road Company") commenced an action at law against the lumber company to recover $4,865.63 on an account accruing prior to its deed to Thompson, and on the same day attached, or attempted to attach, all the property conveyed thereby. A few days later it commenced a suit, based upon such attachment, to set aside and declare null and void the conveyances from the lumber company to Thompson, on the ground that they were made for the purpose of hindering, delaying, and defrauding creditors. Although issue was joined in that suit a short time after its commencement, it is still pending and undetermined. On April 22, 1895, the wagon road company recovered a judgment in the action for $2,000, and for the sale of the attached property. Thereafter, and on the twenty-third of August, 1895, this suit was commenced by certain judgment creditors of the lumber company on behalf of themselves and all other creditors and stockholders of the company. The complaint, after alleging the deed and bill of sale from the

v.*Munger,* 8 L. R. A. 216, 18 Am. St. Rep. p. 810 ; *Crossman* v. *Universal Rubber Co.* 13 L. R. A. 91 ; *Mills* v. *Parkhurst,* 13 L. R. A. 492 ; *Miller* v. *Hyde,* 25 L. R. A. 42, 42 Am. St. Rep. p. 424 ; *Agar* v. *Winslow,* 69 Am. St. Rep. p. 89 ; *Colby* v. *McClintock,* 73 Am. St. Rep. p. 559.—REPORTER.

lumber company to Thompson, and setting out in full the declaration of trust executed contemporaneously therewith, further alleges that immediately upon the execution and delivery of such instruments Thompson entered into and took possession of the property, and has ever since kept such declaration of trust secret, and claimed the property as his own, with the intent and purpose of hindering, delaying, and defrauding the creditors of the lumber company, and has colluded with the president and secretary thereof for that purpose; that he has disposed of a large quantity of lumber assigned to him in trust, and collected debts due the company, and refused to account to the creditors therefor, but converted the same to his own use; that he has failed to file an inventory of the estate, or make any report as to its condition or value, or to give security for the faithful performance of his trust; that he has wasted and is still wasting the funds of the company, and is wholly insolvent. The prayer is for a decree removing Thompson as assignee, and for the appointment of an assignee or receiver to take possession of the property of the lumber company, and dispose of the same under the orders of the court.

Answers were filed, denying the breaches of trust by Thompson alleged in the complaint, and upon a hearing in January, 1896, the court made an order removing Thompson, because of his previous connection with the lumber company, and appointing Mr. Malcolm as receiver, ''to carry out said assignment.'' Immediately thereafter Thompson, as required by the order, conveyed the trust property to Malcolm, who proceeded to sell and dispose of the same from time to time as directed by the court, and on the eighteenth day of September, 1899, filed his final report as such receiver. Thereupon the assignees of the judgment in favor of the wagon road company filed a petition in the receiver proceeding, claiming a prior and superior lien on all the funds in the receiver's hands by reason of the levy of the attachment after the deed from the lumber company to Thompson. ·The petition alleges, in substance, the commencement of the action by the wagon road company

against the lumber company in August, 1894, the issuance and levy of the writ of attachment, the recovery of the judgment, the appointment of Mr. Malcolm as receiver, the amount of money he then had on hand for distribution, the insolvency of the lumber company, and asks that its judgment be paid from such fund in preference to all other claims. The prayer of the petition was denied, and the petitioners appeal. Messrs. George, Gregory & Duniway, who were attorneys for Thompson during the time he was acting as trustee, and who rendered some professional services for Mr. Malcolm after his appointment as receiver, also filed a petition setting up their claim, and asking for an order directing the receiver to pay the same out of the funds in his hands. This petition was allowed in part only, and they also appeal.    Affirmed.

For Watson and others, intervenors, there was a brief over the name of *Watson & Beekman,* with an oral argument by *Mr. Edward B. Watson.*

For George and others, intervenors, there was a brief over the name of *George, Gregory & Duniway,* with an oral argument by *Messrs. Ralph R. Duniway* and *Wm. M. Gregory.*

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

1.   The assignees of the wagon road company claim a preferred lien on the fund in the hands of the receiver by virtue of the attachment of August 14, 1894, and in support thereof insist that the prior deed or assignment to Thompson was illegal and void, because (1) it was not a statutory assignment for the benefit of creditors; (2) it was not assented to by the wagon road company, and therefore not binding on it; and (3) it was made for the purpose of hindering, delaying, and defrauding creditors. But, as we understand the law, none of these objections can be urged by the petitioners in this proceeding. They can not claim the benefit of a fund derived under a deed of assignment, and at the same time insist that

such deed is illegal and void.   The rule is that one who wishes to repudiate an assignment or trust deed on that ground must bring an appropriate proceeding for that purpose, instead of claiming the fund thereunder: "In the case of a voluntary assignment," observes Mr. Chancellor WALWORTH, "where the assignor creates his own trusts, a creditor who comes in to claim a share of the fund under it must be content to take such share of it as the assignor intended to give him, and can not claim that which was intended to be given to the assignees in trust.   A creditor of the assignor, whether provided for by the assignment  or not, who wishes to repudiate the trusts of the assignment on the ground that they are illegal and a fraud upon the honest creditors of the assignor, must apply to set aside the assignment as fraudulent and void against him as a creditor, instead of coming in under the assignment itself as a preferred creditor or otherwise": *Pratt* v. *Adams,* 7 Paige, 615, 641.   And Mr. Chief Justice GIBSON says: "The books are full of cases which show that a party shall not contest the validity of an instrument from which he draws a benefit, nor affirm it in part and disaffirm it in part": *Irwin* v. *Tabb,* 17 Serg. & R. 419.   See, also, *Frierson* v. *Branch,* 30 Ark. 453; *Adler-Goldman Commission Co.* v. *People's Bank,* 65 Ark. 380 (46 S. W. 536); *O'Bryan* v. *Glenn,* 91 Tenn. 106 (17 S. W. 1030, 30 Am. St. Rep. 862); *McLaughlin* v. *Park City Bank,* 22 Utah, 473 (63 Pac. 589). The reason of this rule is that a creditor is not entitled to two inconsistent and adverse rights.   He is required to elect which one he will adopt, and the election of one is necessarily the rejection of the other.   So that neither the wagon road company nor its assignees are entitled to claim the benefit of the proceeds of property acquired and disposed of under the deed of trust from the lumber company to Thompson, and at the same time deny the validity of the deed.

But it is argued that they are not making such a claim, and that the suit in which Malcolm was appointed receiver was in the nature of a creditors' bill to set aside and avoid the deed from the lumber company to Thompson, and such was the

effect of the order removing Thompson and appointing Malcolm, thereby giving a preference to the prior attachment of the wagon road company. But there are no allegations in the complaint or findings by the court upon which such an argument can be based. The plaintiffs did not seek to avoid the transaction between the lumber company and Thompson, but to enforce them. Their complaint contains no allegations upon which a decree setting aside the deed could be based, it simply charges Thompson with repudiating his trust and violating his duties as a trustee, and for that reason asks that he be removed, and some suitable person appointed to carry out the trust; and such was the decree of the court. The assignment to Thompson was recognized as valid by all the parties to the proceedings and by the court. It is true, the court made a finding that the property theretofore transferred to him was in equity the property of the company, and that he had no beneficial interest therein; but it did not find that the transaction was illegal, fraudulent, or void, nor did it render any decree to that effect. On the contrary, the decree appointing Malcolm as receiver recognizes the validity of the trust deed or assignment, and appoints him to carry out its provisions. The money in the hands of the court for distribution when the decree appealed from was entered was received in pursuance of such decree, and it is not open to any of the parties seeking to share in such distribution to question in this proceeding the validity of the deed to Thompson.

The only question presented by the appeal of Messrs. George, Gregory & Duniway was the amount to which they were entitled as attorneys, and, as the trial court was in a better position than this court to determine that question, we are not disposed to disturb its findings. The decree of the court below will therefore be affirmed, the costs of this appeal to be paid out of the surplus remaining in the hands of the receiver after the claims allowed by the court below have been satisfied.                            AFFIRMED.