Farmers' Nat. Bank of Durant v. Ardmore Wholesale Grocery Co. et al.

## FARMERS' NAT. BANK OF DURANT v. ARDMORE WHOLESALE GROCERY CO. *et al.*

No. 1952.    Opinion Filed November 12, 1912.

(127 Pac. 1071.)

**EVIDENCE—Parol Evidence.** Where B., for and in consideration of a sum certain in the bill of sale expressed, sells and conveys his stock of goods to the bank in satisfaction of his pre-existing indebtedness to the bank, with covenants of warranty against the claims and demands of all others, and where in a suit against B. and the bank on account for goods sold and delivered to B. prior to the execution of the bill of sale it is sought to charge the bank on the ground that it had assumed the payment of B.'s debts, **held,** that parol evidence is inadmissible to prove that the cashier of the bank had agreed with B., prior to the execution of the bill of sale, and the consideration therein expressed, to pay the debt in controversy.

(Syllabus by the Court.)

*Error from Greer County Court;*
*Jarrett Todd, Judge.*

Action by the Ardmore Wholesale Grocery Company against J. J. Baker & Co. and the Farmers' National Bank. Verdict for plaintiff, and the Farmers' National Bank brings error. Reversed and remanded.

*Hatchett & Ferguson,* for plaintiff in error.

TURNER, C. J.  On April 29, 1909, the Ardmore Wholesale Grocery Company, a corporation, sued J. J. Baker, doing business as J. J. Baker & Co., and the Farmers' National Bank of Durant, in the county court of Greer county on account for $266.31 for goods, wares, and merchandise sold and delivered to J. J. Baker & Co. at his request, and prayed for judgment against both defendants, alleging that the bank had assumed payment of the debt. There was trial to a jury, and a verdict for plaintiff, upon which judgment was rendered and entered against defendants, and the Farmers' National Bank brings the case here.

It is assigned that the court erred in permitting Baker to testify over objection, in effect, that the cashier of the bank had, prior

to the execution of the bill of sale conveying Baker's stock to the bank to satisfy his pre-existing indebtedness to the bank, agreed in parol with Baker that, in addition to the consideration therein· expressed as paid for the stock, the bank would assume his debts, among which was the debt in controversy. This upon the ground that parol evidence of such an agreement was inadmissible to vary the written contract. The contract was, in effect, a bill of sale dated June 12, 1907, executed in consideration of $4,000 cash in hand paid by the bank to Baker wherein he "bargained, granted and sold" to the bank, its successors and assigns, all his stock of groceries, situated in a certain building in Durant, including shelving, fixtures, cash register, delivery wagon, and horses, covenanting therein with the bank that the same was free from all incumbrances, and that he would warrant and defend the title of the same against the claim and demands of any and all persons whomsoever.

As this contract of sale thus appears complete and in writing, wherein nothing is said about the payment of Baker's debts, the point is well taken, not only for the reason assigned, but for the further reason that the agreement if made was, in effect, to answer for the debt, default, or miscarriage of another and, being in parol, was void under the statute of frauds. *Bonicamp v. Starbuck*, 25 Okla. 483, 106 Pac. 839; *Threlkeld et al. v. Stewart*, 24 Okla. 403, 103 Pac. 630, 138 Am. St. Rep. 888; *Southland v. Arkansas Valley & W. Ry. Co.*, 24 Okla. 408, 103 Pac. 750; *McNinch v. Northwest Thresher Co.*, 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Railroad v. Rhodes*, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *Garrison v. Kress*, 19 Okla. 433, 91 Pac. 1130. In *McFarland v. McGill*, 16 Tex. Civ. App. 298, 299, 41 S. W. 402, 403, the court in the opinion states:

"The defendant addressed a special exception to that part of the petition, setting up as an additional consideration to the purchase of the horses, as disclosed by the bill of sale, the contemporaneous verbal agreement to furnish proofs of pedigree such as would enable the plaintiff to procure the registration of the horses. We think this special exception should have been sustained. The bill of sale ingrafted upon the allegation of the

petition purports to be a complete contract in writing. It is not alleged that the omission to insert the additional consideration above specified was due to fraud, accident, or mistake. The statement of the consideration which the writing contains is contractual in its nature, and it cannot be varied by proof of a parol contemporaneous agreement ingrafting an additional consideration."

Defendants in error have failed to furnish us with a brief.

Reversed and remanded for a new trial.

All the Justices concur, except DUNN and WILLIAMS, JJ., absent, and not participating.