[Civ. No. 2125.   First Appellate District.—June 9, 1917.]

HENRY COWELL LIME AND CEMENT COMPANY (a Corporation), Appellant, v. HENRY L. SMITH, Respondent.

ASSIGNMENT FOR BENEFIT OF CREDITORS—REGULARITY—ESTOPPEL.— Where an assignment of property is made for benefit of creditors, a creditor who has his attorney attend a called creditors' meeting and two days thereafter, with full knowledge of the assignment and its purpose, has his attorney deliver a statement of his account to the assignee, waives all objections to the regularity of the assignment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Hatch & Hatch, for Appellant.

J. G. De Forest, for Respondent.

THE COURT.—One Draeseke, being in failing circumstances financially, on the ninth day of October, 1913, executed an assignment of his property to Jesse A. Muller, as trustee for the benefit of Draeseke's creditors, and on the fifteenth day of October, Muller and Draeseke executed another assignment of the same property for the same purpose to the defendant Henry L. Smith.   Smith was secretary of the San Francisco board of trade, and the assignments to him and Muller

were both made for the purpose of closing up Draeseke's business and paying the proceeds of the sale of his property to his creditors ratably. Pursuant to these assignments and during the month of October, 1913, Smith took over Draeseke's property. Draeseke was at the time of these assignments indebted to the plaintiff in the sum of $450. On October 14, 1913, defendant called a meeting of Draeseke's creditors to be held at 2 o'clock P. M. of that day. Notice of this meeting was given to the plaintiff, and an admission of service of this notice was signed by the plaintiff and is in evidence here. Plaintiff's attorney attended that meeting. It was held pursuant to the notice, and on the sixteenth day of October, 1913, and with full knowledge of the assignment to Muller and its purpose, the attorney for the defendant delivered to the board of trade—whose representatives both Muller and Smith were in the whole transaction—a statement of the plaintiff's account with Draeseke, together with a letter in which it was stated that the writer understood that the affairs of Draeseke were being settled through the board of trade, and asked to be advised as to the action already taken and future action which might be taken in the matter. On October 28, 1913, the defendant sold the property of Draeseke which was in his hands under the assignment to him, and subsequently made a dividend of the proceeds. All the creditors except the plaintiff received and accepted their dividends from the defendant. The plaintiff refused to do this, and brought action against Draeseke, and on November 6, 1913, levied an attachment in said action upon all funds in the defendant Smith's hands belonging to Draeseke. The plaintiff subsequently obtained judgment in that action against Draeseke, upon which execution was issued against the property of Draeseke, and served by the sheriff upon the defendant Smith, by which levy was made upon all moneys in Smith's hands belonging to Draeseke. The defendant answered the levy of the execution with the statement that he had no funds in his hands belonging to Draeseke. The writ was returned unsatisfied, and this action was thereupon begun against Smith for the amount of the judgment.

The trial court found on all the issues against plaintiff, and the plaintiff appeals from the judgment entered pursuant to these findings.

The vital finding is that plaintiff consented to these assignments. It is contended by the defendant that the attendance of plaintiff's attorney at the meeting of creditors of October 14, 1913, and the subsequent presentation of plaintiff's claim with full knowledge that the affairs of Draeseke were in the hands of the board of trade for settlement, constituted a consent to the assignment, or, to put it in other words, a waiver of objections thereto.

This contention we think must be sustained. There is a general rule that a creditor who files his claim under such an assignment thereby waives all objections to the regularity of the assignment and to the title of the assignee to the assets. (*Lacy* v. *Gunn,* 144 Cal. 511, [78 Pac. 30].) And it is well settled that where one comes in under the assignment and proceedings in such a way as to entitle himself to share in the dividends arising from the assets in the hands of the assignee, he waives all objections to the title of the assignee to such assets (*Appeal of Smith,* 86 Mich. 149, 158, [48 N. W. 864].) Many other cases laying down a similar rule might be cited, but these are sufficient. The appellant certainly placed itself within this rule: It filed its claim with knowledge of the purpose of the assignee to close Draeseke's business, and gave no sign of its dissent until the property which was the subject of the assignment had been sold. Plaintiff's counsel contends that neither he nor his client acted with full knowledge of the facts; but the only fact which it is seriously contended they did not know was that of the second assignment. They certainly knew of this on October 18th, and waited thereafter until October 30th before objecting in any way to the assignment to Smith. We do not attach much importance to this contention for another reason, and that is that both Smith and Muller were acting at all times for the board of trade, and this plaintiff's counsel at all times knew; and the change of assignments, therefore, did not affect plaintiff's rights in any way.

It is contended that plaintiff's counsel had no authority to assent to the assignment upon the ground that an attorney has no authority to compromise a claim; but the trial court's finding that the plaintiff consented to the assignment necessarily implies a conclusion on the part of the trial court that plaintiff's counsel did have authority to present the claim to the board of trade and to consent to the assignment; and the

trial court having so found upon what we consider sufficient evidence, the judgment cannot be disturbed upon that ground.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1917.