## JONES v. THOMPSON, Sheriff.

No. 8677—Opinion Filed June 11, 1918.

(173 Pac. 519.)

(Syllabus.)

**1. Assignments for Benefit of Creditors——Record—Validity.**

The provision of section 223, Rev. Laws 1910, requiring an assignment for the benefit of creditors to be recorded, is a condition subsequent to the validity of the assignment, and under section 225 failure to record the same within 20 days after the date of the assignment renders the same void only against creditors of the assignor and against purchasers and incumbrancers in good faith and for value.

**2. Same—Objections to Evidence.**

In a replevin action by one claiming through an assignment for the benefit of creditors, it is error to sustain an objection to the introduction in evidence of an assignment for the benefit of creditors valid on its face, in proper form, and duly executed and acknowledged, upon objection of a defendant not shown to be a creditor of the assignor, or a purchaser or an incumbrancer in good faith and for value, or one standing in the place of, or claiming in the right of, or under such creditor, purchaser, or incumbrancer, on the ground that it does not appear that the assignment has been recorded or the Bulk Sales Law (Rev. Laws 1910, §§ 2903-2905) complied with.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action in replevin by W. J. Jones against Orvell Thompson, Sheriff of Okmulgee Coun-

ty, Okla. Judgment for defendant upon a directed verdict, and plaintiff brings error. Reversed, and cause remanded.

Hartsell & Mack and Geo. C. Beidleman, for plaintiff in error.

J. H. Lincoln, for defendant in error.

MILEY, J. The plaintiff in error, W. J. Jones, commenced this action in replevin against Orvell Thompson, sheriff of Okmulgee county, to recover possession of a certain stock of merchandise. The plaintiff alleged in the ordinary form that he was the owner and entitled to immediate possession of said property. The answer of defendant was a general denial. Upon trial there was an instructed verdict and judgment thereon for defendant.

It seems that the stock of goods was owned by one J. H. Brinks, and that plaintiff undertook to deraign title and right the possession through an assignment for the benefit of creditors to one M. D. Hartsell, assignee. The plaintiff offered the written assignment in evidence. The assignment appears to be in proper form, duly executed and acknowledged.

The defendant objected to the introduction of the same in evidence, "for the reason that said purported assignment does not appear to have ever been recorded as required by the statutes of the state of Oklahoma, and that there is no evidence to show, or tending to show, that any of the statutory requirements have been complied with in making said assignment, and on the further ground that the said purported assignment is incompetent, irrelevant, and immaterial, and that there has been no showing that the provisions of the Bulk Sales Law of the state of Oklahoma has been complied with." This objection was sustained, and also objection to the further introduction of testimony was sustained for the reason that until an assignment was shown further inquiry would be immaterial. This, we think, was error.

Section 223, Rev. Laws 1910, provides that an assignment for the benefit of creditors must be recorded. Section 225 provides:

"An assignment for the benefit of creditors is void against creditors of the assignor, and against purchasers and incumbrancers in good faith and for value, if the assignment is not recorded * * * within twenty days after the date of the assignment."

The execution and delivery of the assignment vested inchoate title in the assignee. The provision requiring the same to be recorded is a condition subsequent, and not precedent, to the vesting of the title

to the property in the assignee. Hockaday, Harmon & Roe v. Drye, 7 Okla. 288, 54 Pac. 475. Failure on the part of the assignee to comply with the conditions subsequent does not render the assignment absolutely void for all purposes, but, in the language of the statute, it is "only void against creditors of the assignor and purchasers and incumbrancers in good faith and for value."

Notwithstanding the failure to record the assignment within the time prescribed by the statute, it is nevertheless valid against the assignor and all other persons except his creditors and purchasers and incumbrancers in good faith and for value. It nowhere appears in the record that the defendant was a creditor of the assignor, or purchaser or incumbrancer in good faith and for value, or that the defendant stood in the place of or held in the right of such creditor, purchaser, or incumbrancer. We do not perceive the application of the reference in the objection to the Bulk Sales Law.

We think the plaintiff should have been permitted to introduce the assignment in evidence, and any other competent evidence tending to show title and right to possession to the property in himself. If the assignment was void as against the defendant for failure to comply with the conditions subsequent, he, of course, would have the right to establish that fact.

Judgment is reversed, and the cause remanded.

SHARP, C. J., and KANE, HARDY, and RAINEY, JJ., concur. TURNER, OWEN, BRETT, and TISINGER, JJ., not participating.