**FIRST NAT. BANK OF BLANCHARD v. RICHBURG.**

No. 8062.—Opinion Filed March 25, 1919.

Rehearing Denied May 27, 1919.

(Syllabus by the Court.)

**1.—Evidence—Parol Evidence—Written Contract.**

As a general rule, parol evidence is not admissible to contradict or vary the terms of a written instrument, either by attempting to show prior negotiations, or by a contemporaneous oral agreement, such written instrument having been executed, delivered, and acted upon by the parties interested therein, subsequent to all oral agreements and negotiations in reference to what it should contain.

**2. Assignments for Benefit of Creditors—Acceptance of Benefits—Fraud—Estoppel.**

Where a creditor elects to accept, and does accept, the benefits of provisions favorable to him in a deed of assignment, and avails himself of the provisions favorable to him, he cannot thereafter attack the instrument on the ground of fraud, because of other provisions favoring all creditors alike.

**3. Same—Construction of Assignment—Evidence — Parol Evidence — Question for Jury.**

Where the creditors and assignors have orally discussed and negotiated in reference to the conditions which a deed of assignment should contain, and subsequent to all oral agreements and negotiations a written instrument or deed of assignment is executed, delivered, acquiesced in, and acted upon, and the creditors receive and avail themselves of the benefits provided for in such instrument, and where such instrument is plain and unambiguous in its terms, it is not error for the court, in the absence of fraud or mistake, to reject oral testimony as to conditions orally agreed upon prior to the execution and delivery of such instrument, nor error for the court in such case to take the case from the jury and construe the legal effect of the plain, unambiguous terms of the instrument.

Error from County Court, McClain County; Geo. F. Johnson, Judge.

Action by J. W. Richburg, trustee, against the First National Bank of Blanchard, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

L. T. Cook and Shartel, Dudley & Shartel, for plaintiff in error.

Barefoot & Carmichael, for defendant in error.

HARRISON, J. This appeal comes from the county court of McClain county. It was an action by J. W. Richburg, as trustee for the Blanchard Grocery Company of Blanchard, Okla., assignor, against the First National Bank of Blanchard, Okla.

The facts are that said firm on October 28, 1908, being in failing circumstances, transferred its entire stock of groceries, notes, accounts, etc., to H. G. Cook, in trust for its creditors. Cook at the time was indorser of the grocery firm's note to the First National Bank of Blanchard for $400. In December, 1908, the defendant in error, J. W. Richburg, then representing the Williamson-Halsell-Fraser Grocery Company, a creditor of said grocery firm, induced said firm to make an assignment, which it did, naming Richburg as trustee. One condition in the written assignment, which condition appears to have been agreeable to all creditors, was that the balance of $298 due the First National Bank of Blanchard be a preferred claim, and be paid as such, which condition was also agreeable to Cook, the indorser of the note.

Another condition was that Richburg, the trustee, should take charge of the business, replenish the stock, and pay dividends to creditors with money collected, and that the money be kept on deposit with the First National Bank, and dividends to creditors be paid through said bank.

Upon such conditions Richburg took charge of the stock of goods, proceeded to sell same

out in the course of ordinary retail trade, and to replenish the stock from time to time, and to keep the money on deposit in said First National Bank, and to pay bills and dividends through said bank, and, pursuant to the condition in the instrument of assignment, paid the balance of $298 due on the $400 note, on which Cook was indorser. The bank accepted such payments, and applied them to the satisfaction of said note. Richburg, as trustee, continued thereafter to deposit such amounts as he collected from said grocery business with the said First National Bank of Blanchard.

On January 28, 1909, said bank, without any notice to Richburg, the trustee, charged the trustee's account with the sum of $292.15, an amount which the bank claimed was due it from the grocery company for overdraft. Richburg, the trustee, having no knowledge of such charge against his trustee account, thereafter drew a check, as he had authority to do under the conditions of said instrument of assignment, against his trustee's account in said bank, payment of which check was refused by said bank, and the check went to protest, the protest fees amounting to $1.38. The trustee objected to the bank's refusal to pay his check, and to the bank's applying his trust funds to the payment of said overdraft, and demanded of the bank that the amount applied in payment of said overdraft be paid back to him as trustee; and, upon refusal of the bank to pay back to him the amount applied on said overdraft, Richburg, as trustee for all creditors, brought this suit to recover the amount applied by the bank on the overdraft and the additional sum of $1.38 protest fees charged on the trustee's check, which the bank had refused to pay.

The bank answered the plaintiff's petition, claiming that it had the right to charge the trustee's account with the amount of said overdraft on the ground that one of the conditions upon which it, as one of the creditors of the Blanchard Grocery Company, had given its consent to the assignment, and agreed to the execution of the instrument of assignment, was that the overdraft be treated as a preferred claim. The decisive issue, therefore, was whether such overdraft be treated as a preferred claim; the bank claimed that said claim was to be so treated; the trustee denied this, and claimed that he had heard nothing about the overdraft, except that it was to be taken care of, and that there was no condition in the trust deed that such overdraft should be a preferred claim; that the only preferred claim mentioned in the instrument of assignment or trust deed

was that the balance of $298 due on the $400 should be a preferred claim. The trust deed contains the following conditions, to wit:

"It is further agreed between the parties hereto that the claim of the First National Bank of Blanchard, Oklahoma, for the sum of $298.00, balance due on the note of $400.00, which is indorsed by H. G. Cook of Norman, Oklahoma, is a preferred claim against said stock of merchandise, and the same is to be first paid out of the proceeds of the sale of said stock as provided herein."

This is the only provision in the instrument which in any manner refers to the preferred claim. The instrument itself, as appears from the record, was executed and became effective subsequent to all oral agreements and conversations in regard to what its provisions should contain.

It appears, further, that said instrument of assignment was acknowledged before W. H. Alkire as notary public, who was also vice president and bookkeeper for said First National Bank. It appears further that said First National Bank acquiesced in and assented to such assignment to the extent that it kept on deposit the trust funds and paid the trustee's checks issued in payment of bills in the course of business and accepted without objection the trustee's checks in payment of the balance due on said $400 note, and applied same on the payment of said balance as a preferred claim, thereby availing itself of all conditions in the assignment favorable to itself. It appears also that one of said checks, for $125, was issued on November 27, 1908, and the last one, for $174, issued January 9, 1909, both being applied by said bank in payment of the preferred claim mentioned in the instrument of assignment, without any protest or objection on the part of said bank, and without any mention to Richburg, the trustee, as to the overdraft being understood to be a preferred claim. It further appears that, after the execution and delivery of the instrument of assignment, no mention was ever made to Richburg as to the overdraft being a preferred claim until after the bank, without authority of the trustee, had applied trust funds on deposit with the bank to the payment of said overdraft, and that the trustee never knew of said transaction until his check against the trustee's account was turned down and allowed to go to protest by said bank.

The court heard testimony on the question as to whether the bank gave its consent to the assignment upon condition that the overdraft be a preferred claim. The cashier of the bank and the vice president of the bank testified that the bank gave its consent upon

the express condition that the overdraft be paid as a preferred claim. Richburg, the trustee, denied this, and the court, after hearing the testimony on this point, decided that . the instrument of conveyance was executed and delivered after everything had been said in reference to the conditions that should be set forth in such instrument and that therefore any testimony as to oral agreements made prior to the execution and delivery of the written instrument which tended to change or vary the terms or conditions of such instrument was not admissible, and that the written instrument itself being executed and delivered subsequent to all oral agreements, and being plain and unambiguous in its terms, there was no question of fact for the jury to determine, but that it was a plain question of law, to be determined by the court as to what were the conditions in the written instrument. The court, therefore, withdrew the case from the jury, and construed the written instrument to refer only to the balance due on the $400 note, and rendered judgment in favor of the trustee, Richburg, for the amount of trust funds which the bank had applied to the payment of said overdraft. with interest thereon at the rate of 6 per cent. per annum.

It is an undisputed fact that the instrument of assignment was executed and delivered after all oral agreements, stipulations, and conversations in reference to its conditions had been had; that it was executed and acknowledged before the vice president of the bank, and, so far as the record shows, all parties to the instrument and all creditors of the firm assented and consented, and acted upon such instrument until the bank, without any authority of the trustee, and without the knowledge of such trustee or of any other creditor, applied the trust funds to the payment of the overdraft. Therefore we think the trial court, in withdrawing the case from the jury and rendering judgment against the bank, did not err.

It is a settled principle of law that parol evidence is not admissible to contradict or vary the terms of a written instrument either by attempting to show prior negotiations or by a contemporaneous oral agreement.

See Elliott on Contracts, vol. 8, Supp. sec. 1621.

And it has long been settled by this court that—

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract." McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803.

Also National Bank of Durant v. Ardmore Wholesale Grocery Co., 33 Okla. 769, 127 Pac. 1071; and Leasure v. Hughes, 72 Oklahoma, 178 Pac. 696; and also Reinheimer v. Mays, 75 Oklahoma, 182 Pac. 230; and the authorities relied upon in the latter two cases.

It is also a settled principle of law that where a creditor elects to accept, and does accept, the benefits of a provision favorable to him in a deed of assignment, he cannot thereafter attack the provisions contained in it in favor of other creditors on the ground of fraud; he must accept or reject it unequivocally. 2 R. C. L. sec. 32, p. 676; Alliance Milling Co. v. Eaton, 86 Tex. 401, 25 S. W. 614, 24 L. R. A. 369; McLaughlin v. Parks City Bank, 22 Utah, 473, 63 Pac. 589, 54 L. R. A. 343; Frierson v. Branch, 30 Ark. 453; Adler-Goldman Commission Co. v. People's Bank, 65 Ark. 380, 46 S. W. 536; 4 Cyc. 277, 278.

It is undisputed that the bank received and kept the deposit of the trustee, and that it accepted and applied the checks issued by the trustee in payment of the balance due on the $400 note, thereby availing itself of the conditions favorable to itself, and we might say availing itself of the one condition in the instrument more favorable to one creditor than another. This it cannot be permitted to do under the facts in the record before us.

The judgment of the trial court is therefore affirmed.

All the Justices concur, except SHARP, J., not participating.