**K. A. ROGERS, Plaintiff in Error,**

v.

**ACME OIL TOOL COMPANY, Inc.,
Defendant in Error.**

**No. 37003.**

Supreme Court of Oklahoma.

Nov. 20, 1956.

Rehearing Denied Feb. 2, 1957.

Dudley, Duvall & Dudley, by Paul Dudley, Oklahoma City, for plaintiff in error.

Eugene P. Ledbetter, Jr., Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

On the 15th day of July, 1953, the Rogers-Fain Drilling Company, a partnership composed of K. A. Rogers, Charles Leslie Fain and Harry G. Frederickson, executed an assignment for benefit of creditors to Harry G. Frederickson, who was to act as trustee under the guidance of a five-member committee of creditors to be selected by their group. The assignee was to take possession of and dispose of the assets and property of the debtors and distribute the proceeds thereof to their creditors.

On June 29, 1954, and after the above assignment was executed, Acme Oil Tool Company, Inc., referred to as plaintiff herein, sued Rogers-Fain Drilling Company and K. A. Rogers usually referred to as defendant herein, and the other individual members of said partnership, on a promissory note and open account. Judgment was thereafter rendered in favor of plaintiff and against said Drilling Company and the individuals composing it, for the full amount claimed.

Thereafter, executions were issued against said partnership and its members, and returned "no property found."

On October 4, 1954, plaintiff filed an application for a temporary restraining order seeking to restrain defendant from disposing of a share of stock held and owned by him in the Oklahoma City Golf and Country Club, a corporation. Temporary restraining order was issued and the matter was continued until November 26, 1954. Then, on the latter date, an order was entered by the court directing that Rogers' share of stock in the Oklahoma City Golf and Country Club be delivered to the Sheriff of Oklahoma County. A permanent injunction was then issued enjoining Rogers from transferring or disposing of the stock. It was thereafter delivered to the sheriff who levied upon the same and gave notice of sale. Rogers filed objections to the notice of sale but same were overruled. The stock was thereafter sold by the sheriff, and he filed his return of sale. Defendant (Rogers) then filed his motion to set aside and vacate the sale. His motion was overruled and on March 18, 1955, the sale was confirmed. From the order and judgment of confirmation, he appeals to this Court.

He relies for reversal on two propositions under which he asserts that plaintiff could not legally cause the share of stock to be levied upon and sold at execution both because of the assignment for the benefit of creditors, and because of certain by-laws of the Oklahoma City Golf and Country Club corporation.

If defendant's position concerning the assignment is correct, then it is unnecessary to discuss his other proposition. Plaintiff denies that the assignment was effective to prevent his causing the stock to be sold at the execution sale. He bases this on the contention that the assignment was invalid because the requirements of our statutes were not complied with therein. It is a fact that said assignment was never recorded, nor was any inventory filed with the register of deeds, as provided by Tit. 24 O.S.1951 §§ 35, 38 and 40, of the property and assets thereby assigned. Sections 36 and 42 of said Title specifically state that such assignments are void as to

every creditor of the assignor not assenting thereto, and as to purchasers and incumbrances in good faith and for value, unless these statutory requirements are complied with. Under our previous decisions, however, the execution and delivery of the assignment is in itself sufficient to vest "inchoate title in the assignee", the recording being but a condition subsequent, not precedent, to the vesting of title in him. Jones v. Thompson, 68 Okl. 247, 173 P. 519; Hockaday, Harmon & Roe v. Drye, 7 Okl. 288, 54 P. 475. And a recorded assignment leaves the assignor no attachable interest in the assigned property, despite the fact no property inventory is filed. Barbee v. Cowden, 182 Okl. 334, 77 P.2d 669. Furthermore, plaintiff belongs to neither of the classes of persons mentioned in Sections 36 and 42, supra, as to whom an unrecorded assignment, or one without an inventory, is therein made void.

In this connection, defense counsel refer to excerpts from the record showing plaintiff not only had notice of the assignment involved, but that it assented thereto; and it is upon this record showing that defendant bases its contention, under its Proposition II, that plaintiff is, by reason of said assent, estopped to assert the invalidity of the assignment. Plaintiff recognizes the undisputed fact that soon after the execution of the assignment, its president and its attorney attended a meeting of Rogers-Fain Drilling Company's creditors, but it contends that its acceptance, or ratification, of said assignment at said meeting was only a qualified, or partial one. Plaintiff's attorney testified that it was the concensus of opinion of those attending the meeting that all creditors would have a better chance of collecting their claims against defendant, if they negotiated them, rather than bringing individual actions to collect them; but his version of the agreement there reached was that it contemplated that, notwithstanding this, individual creditors might reduce their claims to judgment, if necessary to keep the statute of limitations from running against them "Or for any other reason." The view said attorney there expressed was that said company's commitment at said meeting extended no further than agreeing that it could either attempt, by independent action, to collect its claim out of any of Rogers', Fain's, or Frederickson's assets, or wait and receive payment from the trustee for the creditors under the assignment. This position is untenable. Such an agreement, in a matter of this kind, would be no agreement at all. A creditor may not assent to, or ratify, such an assignment, and in addition, reserve the right to proceed for satisfaction of his claim against the property and assets covered thereby. He must either accept, or reject, the assignment unequivocally. See First Nat. Bank v. Richburg, 75 Okl. 1, 181 P. 145, at page 147, and the authorities there cited, together with others cited in the footnotes to 4 Am.Jur., Assignments for Benefit of Creditors, sec. 57, and 6 C.J.S., Assignments for Benefit of Creditors, §§ 17 e, 19. As held in Kerslake v. Brower & Thompson Lbr. Co., 40 Or. 44, 66 P. 437, a creditor cannot claim the benefits of the fund derived under the assignment, and, at the same time, insist that it is void. See also Henry Cowell Lime & Cement Co. v. Smith, 34 Cal.App. 92, 166 P. 1018, and other cases cited in the note at 24 L.R.A. 369, 379. As said in Sec. 62 of 4 Am.Jur., supra:

"A defective assignment may be void, or it may be merely voidable. If it is absolutely void by the law of the place where made, no assent or ratification of the creditors can make it valid. But if it is only void at the election of such creditors as choose to avoid it, and they assent to it, either expressly or by implication, then, as to such assenting creditors, the assignment will be sustained."

As, under the decisions and statute hereinbefore cited, the assignment involved here was, as to plaintiff and in this jurisdiction, merely voidable, ratification by said company subjected it to the estoppel rule asserted by defendant, which, in Sec.

166 of 4 Am.Jur., supra, is stated as follows:

"Creditors who have acted in a manner implying acceptance of the assignment, or who have recognized it for the purpose of gaining some advantage are thereafter estopped to deny its validity."

See also Charles Roesch & Sons v. Mumford, 3 Cir., 230 F. 56; McLaughlin v. Park City Bank, 22 Utah 473, 63 P. 589, 54 L.R.A. 343, and other cases cited in the note at 26 L.R.A. 593, 595, and 6 C.J. S., Assignments for Benefit of Creditors, § 375. For the satisfaction of his claim, no one creditor may have both the benefit of the assignment and remain free to prosecute independent court action. To have the benefit mentioned, it must accept the assignment, and in so doing, impliedly agrees to forego the latter. Without such forbearance, it would not only have an unfair potential advantage over the debtor's other creditors, but there would be no bilateral consideration for its assent to, or ratification of, the assignment. We think that upon consideration of the evidence of what occurred at the creditors' meeting above mentioned, together with the rules of law applicable thereto, plaintiff must be held to have ratified the assignment, and consequently is estopped from asserting its invalidity.

No contention is made that the assignment, executed respectively by Rogers, Fain and Frederickson, did not include the nonexempt separate properties and assets of each of said co-partners as well as those of Rogers-Fain Drilling Company. In fact, it seems to have been assumed, or tacitly conceded, both in the trial court and here, that it did. Consequently no such question is in issue, and we do not decide it. In this connection, however, notice Tit. 24 O.S.1951 § 34, and particularly par. 3 thereof; Security Bank v. Beede, 37 Minn. 527, 35 N.W. 435; Williams v. Hadley, 21 Kan. 350 (3rd Ed.Ann. 260), 30 Am.Rep. 430; note at 50 L.R.A.,N.S., 714, 738 et seq.; 4

Am.Jur., Assignments for Benefit of Creditors, secs. 71, 119; Burrill on Assignments (5th Ed.) Chap. XXIV.

In accord with the evidence in this case and the applicable principles of law above cited and referred to, we hold that plaintiff, under the doctrine of estoppel, was not entitled to have the execution sale confirmed on the ground of the invalidity of the aforedescribed assignment for the benefit of creditors which Rogers, Fain, and Frederickson executed on July 15, 1953. The trial court should have so held. Its judgment to the contrary is therefore reversed with directions to said court to sustain defendant's motion to set aside the execution sale, and to vacate its order and judgment confirming said sale.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.