## RITCHIE, OSGOOD & CO., Respondents, v. BRADSHAW & CO., Appellants.

By the law merchant, it is sufficient if a check drawn upon one day, be presented for payment in the usual banking hours upon the next succeeding day, where the payee resides in the immediate vicinity of the place of payment, as in the same town or city.

The payee of a check, in presenting it for payment, in order to hold the drawer, is bound to exercise reasonable diligence.

The report of a referee upon conflicting testimony must be treated in the light of a verdict of a jury, and will not be disturbed in this Court upon an appeal from an order refusing to grant a new trial in the Court below.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts appear in the opinion of the Court.

*George B. Tingley,* for Appellants.

*A. M. Heslep,* for Respondents.

No briefs on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

In this cause, it appears that appellants had, on the 14th day of September, 1854, drawn their check in favor of respondents, upon the banking house of Carothers, Anderson & Co., for the sum of $698 35; and it further appears, that the same was left with the banking house of Page, Bacon & Co., for collection, and was not presented for payment until in the usual banking hours of the next day—Carothers, Anderson & Co. having, in the meantime, failed, the check was protested for non-payment. A reference of the cause having been had in the Court below, proof as to the customary time for the presentation of checks for payment was submitted before the referee. The proof of custom being contradictory as to the time a check should be presented for payment, when drawn upon a house in the same city in which the check was drawn, and where the payee resided. The referee found,

upon the question of diligence, that the plaintiff had conformed to custom in presenting the check for payment the day after it was drawn.

By the law merchant, I deem it would be sufficient if a check drawn upon one day be presented for payment, in usual banking hours, upon the next succeeding day, where the payee resided in the immediate vicinity of the place of payment; for instance, in the same town or city.

In England, it seems that the payee of a check must, at the farthest, present the same for payment, before the close of banking hours, upon the next succeeding day to the one upon which the check is drawn and received.

The payee of a check, in presenting it for payment, in order to hold the drawer, is bound to the exercise of reasonable diligence. That reasonable diligence in the presentation of a check drawn upon a banker, has, by the uniform current of authority, been held to have been sufficiently exercised by the presentation, for payment, upon the next day during the usual banking hours. No adverse usage or practice of bankers or mercantile men in this case was established before the referee; for that could not be a customary rule, which was not general in the mercantile community. But in this cause it also appears, that the referee found the material facts from evidence contradictory in its character. The report of a referee upon conflicting testimony, must be treated in the light of a verdict of a jury, and will not be disturbed in this Court upon an appeal from an order refusing to grant a new trial in the Court below. There is nothing before us in this cause from which we can determine whether the Court below has abused its discretion or not in refusing to grant a new trial.

Judgment is affirmed with costs.