[No. 3,264.]

# EDWARD C. SIMPSON *v.* PACIFIC MUTUAL LIFE INSURANCE COMPANY.

NEW TRIAL—DISCRETION OF COURT.—The Supreme Court will not disturb the ruling of the Court below in granting or refusing a new trial, on the ground of sufficiency or insufficiency of the evidence, except in case of a clear abuse of its discretion.

BANK CHECK—TIME OF PRESENTATION.—The holder of a bank check drawn upon a bank located in the same town or city in which the drawer resides, and delivered by him in the same place, is not bound to present it for payment on the day of its delivery by the drawer; but a demand of payment on the next day, within the usual banking hours, will be equally effectual for the purpose of fixing the liability of the drawer.

IDEM—INTENT OF HOLDER IMPLIED.—The presenting of a check for payment implies that the holder of it desires and is ready and willing to accept payment.

EFFECT OF TENDER OF PAYMENT.—If the holder of a bank check demand payment of it in due form, and within the proper time, and the bank, being ready and willing, offer to pay the check, the holder is not at liberty afterwards to waive his demand, and decline to accept payment, without thereby releasing the drawer from further liability on the check.

WHAT IS NOT DEMAND OF PAYMENT OF CHECK.—If the holder of a bank check present it for the sole purpose of ascertaining whether the signature is genuine, or whether the drawer had funds to his credit, or merely to be identified as the person entitled to payment, and without intending to demand payment, it is not such a demand of payment as will release the drawer.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The plaintiff applied to the agent of the defendant for the payment of a policy of life insurance, amounting to twenty-five hundred dollars, and the agent gave him a check upon the bank of B. F. Hastings & Co., in Sacramento City. The check was drawn at about nine o'clock in the morning of November 1st, 1871, and immediately thereafter the agent accompanied the plaintiff to the bank for the purpose of identifying him, as he was a stranger in the city. Payment was tendered by the cashier of the bank, there being suffi-

cient money on deposit to the credit of defendant, but the plaintiff, desiring to remain in the city a few hours and not wishing to have the money about him, declined to receive the money at that time. At two o'clock of the same day he called at the bank to draw the money on his check but found the bank had suspended payment. He then demanded payment of the defendant, and being refused brought this action to recover the amount.

The case was tried with a jury, and a verdict was rendered for the plaintiff, but the Court granted a new trial. This appeal is taken by the plaintiff from the order granting the new trial.

The other facts are stated in the opinion.

*McKune & Welty*, for Appellant.

It was the duty of the plaintiff to present the check at the bank for payment within a reasonable time after he received it, and what that reasonable time is, when the parties reside in the same place, has been fixed as matter of law to be within the next day, during business hours. (2 Parson on Bills and Notes, 72 (note "h"); *Richie* v. *Bradshaw*, 5 Cal. 228; *Veasey Bank* v. *Winn*, 40 Me. 60; *Mohawk Bank* v. *Broderick*, 10 Wend. 804.)

Cases which decide that it is a matter of law. (*Robinson* v. *Barnell*, 2 Taunton, 394; *Bodington* v. *Schlenker*, 4 B. & A. 752; *Alexander* v. *Burchfield*, 7 M. & G. 1061; *Merchants' Bank* v. *Spicer*, 6 Wend. 445; *Smith* v. *Jones*, 20 Wend. 192; *Moule* v. *Brown*, 4 Bing. N. C. 266; *Rickford* v. *Ridge*, 2 Campbell, 537.)

*R. C. Clark*, for the Respondent, argued that the plaintiff having elected to present the check within banking hours of November 1st, 1871, was bound by it, and that he left the money in the bank at his own risk, and cited *Meads* v. *The Merchants' Bank of Albany*, 25 New York, 14.

By the Court, Crockett, J.:

The jury having returned a general verdict for the plaintiff, the defendant moved for a new trial, assigning as one of the grounds of the motion the insufficiency of the evidence to justify the verdict, and with appropriate specifications as to the particulars wherein the evidence was insufficient. The Court having granted the motion on this ground, the plaintiff appeals, and insists that the verdict ought not to have been disturbed. The Court below appears to have been satisfied from the evidence: First—That the check was drawn against a sufficient fund. Second—That it was presented for payment at the bank by the plaintiff almost immediately after it was delivered by the defendant, and payment was then and there tendered by the bank; but the plaintiff finally declined to accept the money, not with the intention to hold the defendant liable on the check or otherwise, but only as a matter of convenience to himself, preferring to leave the money temporarily in the bank until he should call for it. Third—That by the transaction at the bank, and by the mutual consent of the plaintiff, the defendant, and the banker, the sum represented by the check was practically transferred from the credit of the defendant to that of the plaintiff, and thenceforth remained in the bank at his risk. Assuming these to have been the facts, the Court below was of opinion that the verdict ought to have been for the defendant, and a new trial was, therefore, awarded. There was certainly some evidence which tended to support the construction placed upon it by the Court below. But if we entertained a doubt whether the evidence on this point was sufficient to justify the interpretation placed upon it by the Court, we would not disturb the ruling of the District Court in granting or refusing a new trial on the question of the sufficiency or insufficiency of the evidence, except in case of a clear abuse of its discretion, and

in this case there was no such abuse. But the plaintiff claims that upon the undisputed facts he was entitled to a verdict and judgment, and that the Court, therefore, erred in granting a new trial. The argument of counsel is, that in order to fix the liability of the defendant as the drawer of the check, First—It was not incumbent on the plaintiff to present it for payment on the same day on which it was delivered to him, and that a demand of payment on the next day, within the usual banking hours, would have been equally effectual. Second—That even though it be conceded that the plaintiff went to the bank during the forenoon with the intention to demand payment, and did in fact present the check for that purpose, nevertheless he was not bound to accept payment at that time, as the law allowed him the right to retain the check and to present it for payment at any subsequent time during that day or the next within the usual banking hours without prejudice to his rights as against the drawer. There can be no doubt as to the soundness of the first branch of the proposition. The holder of a bank check, drawn upon a bank located in the same town or city in which the drawer resides, and delivered by him in the same place, is not bound to present it for payment on the day of its delivery by the drawer; but a demand of payment on the next day within the usual banking hours will be equally effectual for the purpose of fixing the liability of the drawer. (*Himmelman* v. *Hotaling*, 40 Cal. 111.) It is clear that the plaintiff was in time when he went to the bank at two o'clock P. M. of the day on which he received the check for the purpose of demanding payment, unless the transaction at the bank in the forenoon of that day had materially affected his rights. In discussing this branch of the case, we shall assume that the plaintiff went to the bank in the forenoon for the purpose and with the intention of presenting the check for payment, and that he did so present it; but on becoming satisfied that the check was good, and would be paid on presentation,

he concluded, for his own convenience, to retain it tempo-rarily instead of accepting payment at that time. As already stated, there was some evidence tending to prove these facts, and in the opinion of the Court below, which heard the testimony, it was sufficient on this point, and for the purposes of this decision we must assume that it was so. On these facts the question to be solved is whether the holder of a bank check drawn against a sufficient fund, who presents it for payment within the proper time, and to whom payment is then tendered by the bank, but who declines to accept the money at that time, preferring to retain the check temporarily, can hold the drawer of the check by again pre-senting it for payment at a later hour of the same day, when payment is refused and due notice of dishonor given. The question is novel and not free from difficulty; but we shall be materially aided in its solution by first ascertaining with accuracy what are the elements which constitute a presenta-tion for payment in its legal sense. The presenting of a check for payment implies that the holder of it desires and is ready and willing to accept payment. It would be a con-tradiction in terms to say that the holder of a check pre-sented it for payment, intending and averring at the time that he would not accept payment. If he should present it for the sole purpose of ascertaining whether the signature was genuine, or whether the drawer had funds to his credit, or merely for the purpose of being identified as the person entitled to payment, not intending then to present it for pay-ment, it is clear that this would not constitute a demand of payment, which, in its very nature, imports a willingness on the part of the holder to accept the money at that time. But if the check is presented for payment, with the present intention in the mind of the holder to accept the money if tendered, this must be deemed to be a demand of payment for all purposes affecting the rights of the drawer even though the holder should afterwards change his purpose and

decline to accept the money when tendered by the bank. Having once demanded payment in due form and within the proper time, and the bank being then and there ready and willing and offering to pay the check, the holder is not at liberty after this to retract or waive his demand and decline to accept payment without thereby releasing the drawer from further liability on the check. If the holder declines to accept payment when it is tendered on a proper demand, the liability of the drawer ceases, for the reason that his undertaking was that the check would be paid when payment should be first demanded in due form and within the proper time; but he does not undertake that it will be paid on a second demand, when payment has been tendered and refused on a prior demand made in due form and within the proper time. I am, therefore, of opinion that upon the facts disclosed by this record we ought not to disturb the order granting a new trial.

Order affirmed.