SCHOOL DISTRICT NO. 57, OF LOGAN COUNTY, OKLAHOMA TERRI-
TORY, AND JOHN HARMON, *Director*, E. E. BRUCH, *Clerk*, AND
OTTO BURST, *Treasurer of* SAID SCHOOL DISTRICT, v. W. P.
EAGER.

(Filed September 5, 1907.)

(91 Pac. 847.)

1.   BILLS AND NOTES—Bank Check—Time for Presentment.   The
holder of a bank check is entitled to a reasonable time in which
to present it for payment; and, where the holder of a check lives
in the same place that the bank on which the check is drawn is
located, he has during the banking hours of the next day after
receiving it in which to present it for payment. .

2.   SAME—Mistake in Signature—Case.   It is the duty of one, when
signing a check, to see to it that he signs it properly; and where
a treasurer of a school district, in paying a debt of the district,
delivers a check signed in his individual name, and the bank
refuses to cash it, because the maker of the check had no funds
.on deposit in the bank, and several days afterwards the check
was changed by the maker, by adding his official character, as
treasurer of the school district, to his signature, and before the
close of the banking hours of the second day after the check
was corrected, the bank on which it was drawn failed (the next
day after the correction of the check being Sunday), the loss
will fall upon the maker of the check, which in this case was
the district.

(Syllabus by the Court.)

*Error from the Probate Court of Logan County; before J. C.
Strang, Trial Judge.*

Affirmed.

*Devereux & Hildreth,* for plaintiffs in error.
*Cotteral & Hornor,* for defendant in error.

Opinion of the court by

BURWELL, J.:   The appellant school district owed W. P.
Eager two hundred forty-eight dollars and seventy-two cents, as
evidenced by certain school district warrants.   On March 8, 1904,
the treasurer of the district gave to Mr. Eager a check for these
warrants, and on March 12, 1904, he discovered that he had writ-
ten the check for some five dollars too much money, and on that

day he took up the origninal check, which was destroyed at the time, and issued in lieu thereof another check for the correct amount. This check, like the other one, was drawn on the Guthrie National Bank, but was signed by the treasurer in his individual name. Mr. Eager presented this check for payment, but payment was refused, because the treasurer of the district, Mr. M. L. Scovill, signed the check in his individual name instead of signing it as treasurer of the school district. The account with the bank was in the name of M. L. Scovill, as treasurer of the school district, and he had no individual account with the bank. On April 2, 1904, the check was corrected by Mr. Scovill, by affixing to the check his official character, and on April 4, 1904, the bank failed before the close of banking hours. April 3rd. was Sunday.

The contention is that the appellee, W. P. Eager, was guilty of laches, and therefore should suffer the loss occasioned by the failure of the bank. It was the duty of the treasurer of the school district, when delivering the check, to see that it was in form and properly signed, and for his negligence in failing to attach to his signature his official character the appellee is not chargeable. The appellee never received a check against the deposit of the school district until April 2, 1904. The check before that time was drawn against an account of M. L. Scovill, but who, in fact, had no account there. The appellee, under the record, was not guilty of laches in presenting the check of the treasurer of the school district after receiving the same duly signed. Wilson's Rev. & Ann. Stat. of Okla. provide:

Section 3703: "A check is a bill of exchange drawn upon a bank or banker, or a person described as such upon the face thereof, and payable on demand without interest."

Section 3704: "A check is subject to all the provisions of this chapter concerning bills of exchange, except that, first, the drawer and endorsers are exonerated by delay in presentment, only to the extent of the injury which they suffer thereby."

Section 3665: "When a bill of exchange is payable at a specified time after sight, the drawer and endorser are exonerated if it is not presented for acceptance within ten days after the time

which would suffice, with ordinary diligence, to forward it for acceptance, unless presentment is excused."

Section 3680: "If a bill of exchange, payable at sight, or on demand, without interest, is not duly presented for payment within ten days after the time in which it could, with reasonable diligence, be transmitted to the proper place for such payment, the drawer and endorsers are exonerated, unless such presentment is excused."

It will be observed that, on a bill of exchange payable on sight or demand, the payee has ten days in which to present it for payment. The appellee insists that the law also gives to the holder of a check ten days in which to present it for payment. We are not willing to give the language of the statute the interpretation contended for. The legislature have said that the drawers or endorsers of a check are exonerated by delay in presentment only to the extent of injury occasioned thereby; and, with this and certain other exceptions, a check is subject to all of the provisions of the code concerning bills of exchange. Checks as a rule are used in paying obligations that are due, and take the place of the cash itself, and, while a check is not an assignment of the fund against which it is drawn until accepted by the drawee, still the law recognizes that the funds are placed in bank for the purpose of paying checks drawn by the depositor on the bank. Hence the law requires one holding a check to use reasonable diligence in presenting it for payment. By the weight of authority, where the holder of a check is in the same place where the bank is located, it must be presented before the close of the banking hours of the bank on the day following the day of its receipt. California has the same statute as this territory regarding checks, and the supreme court of that state have adopted the rule stated herein. In the case of *Ritchie, Osgood & Co. v. Bradshaw & Co.*, 5 Cal. 228, it is said:

"The payee of a check, in presenting it for payment, in order to hold the drawer, is bound to the exercise of reasonable diligence. That reasonable diligence in the presentation of a check drawn upon a banker has, by the uniform current of authority,

been held to have been sufficiently exercised by the presentation for payment upon the next day during the usual banking hours."

To the same effect are the following cases: *Himmelmann v. Hotaling*, 40 Cal. 111; *Simpson v. Pacific Mutual Life Ins. Co.*, 44 Cal. 139; *Holmes v. Roe* (Mich.) 28 N. W. 864, and Tiedeman on Commercial Paper, page 725, sec. 443. See, also, Cyc. vol. 5, page 531.

The statute expressly excepts checks from the operation of this law on bills of exchange, in that a check must be presented without delay; but, if the holder delays beyond a reasonable time for presentment, the drawer is exonerated only to the extent of his injury. The check was properly signed, as stated before, on April 2nd, and the appellee should have presented it for payment on the 3rd of April, but for the fact that that day was Sunday. Therefore he had all of the banking hours of the fourth of April in which to present it. Under the statutes of this territory, when the performance of an act falls on Sunday, it may be performed on the following Monday. The appellee was entitled to recover under the law and the facts as found by the trial court and the admissions of the parties.

The judgment of the trial court is hereby affirmed, at the cost of appellant.

Irwin, J., absent; all the other Justices concurring.