## TURNER v. KIMBLE.

No. 2327.    Opinion Filed February 18, 1913.

(130 Pac. 563.)

1. **BILLS AND NOTES—Checks—Presentment for Payment.** The law requires that one holding a check should use reasonable diligence in presenting same for payment; and, as a general rule, where the holder of a check is in the same place where the bank is located, he must present it for payment before the close of banking hours on the day following the date of its receipt.

2. **BILLS AND NOTES—Checks—Failure of Drawee Bank.** Between eleven and twelve o'clock a. m. of November 6, 1907, a check was given in payment of a balance due on an account. On that day the bank on which it was drawn was open for business, and the party giving it had a credit balance therein. On the following morning it was presented by the payee at another bank in the same city, and payment refused, because the bank upon which it was drawn had failed, and was never reopened for business. **Held,** that it was presented within reasonable time, and not being paid the drawer of the check was liable for the amount thereof.

(Syllabus by Harrison, C.)

*Appeal from Comanche County Court;*
*James H. Wolverton, Judge.*

Action by A. P. Kimble against H. W. Turner. Judgment for plaintiff, and defendant appeals. Affirmed.

*L. P. Ross,* for plaintiff in error. .
*A. E. Hammonds,* for defendant in error.

Opinion by HARRISON, C. This was an action by A. P. Kimble against H. W. Turner on a check for the sum of $37.25, drawn by Turner on the Merchants' & Planters' Bank of Lawton in favor of A. P. Kimble in payment of an account due Kimble from Turner. The check was drawn between eleven and twelve o'clock of November 6, 1907, during the memorable period of "Banking Holidays." It appears from the evidence that the check was not presented for payment until the following morning, at which time the said Merchants' & Planters' Bank

was closed, and was never reopened for banking business. The check not being paid, Kimble notified Turner of its nonpayment, and, upon Turner's refusal to pay same or make the account good in some other manner, this suit was instituted and judgment rendered for plaintiff.

The only question involved is whether the check was presented within reasonable time by the drawee.

Section 3703, Wilson's Rev. & Ann. St. 1903, provides:

"A check is a bill of exchange drawn upon a bank or banker, or a person described as such upon the face thereof, and payable on demand without interest."

Section 3665 provides:

"When a bill of exchange is payable at a specified time after sight, the drawer and indorsers are exonerated if it is not presented for acceptance within ten days after the time which would suffice, with ordinary · diligence, to forward it for acceptance, unless presentment is excused."

Section 3680 provides:

"If a bill of exchange, payable at sight, or on demand, without interest, is not duly presented for payment within ten days after the time in which it could, with reasonable diligence, be transmited to the proper place for such presentment, the drawer and indorsers are exonerated, unless such presentment is excused."

These statutes were construed, and the question involved in the case at bar settled, in a well-reasoned opinion by Justice Burwell in the case of *School Dist No. 57 v. Eager*, 19 Okla. 235, 91 Pac. 847, wherein it is said:

"It will be observed that, on a bill of exchange payable on sight or demand, the payee has ten days in which to present it for payment. The appellee insists that the law also gives to the holder of a check ten days in which to present it for payment. We are not willing to give the language of the statute the interpretation contended for. The Legislature have said that the drawers or indorsers of a check are exonerated by delay in presentment only to the extent of injury occasioned thereby; and, with this and certain other exceptions, a check is subject to all of the provisions of the Code concerning bills of exchange. Checks, as a rule, are used in paying obligations that

are due, and take the place of the cash itself; and, while a check is not an assignment of the fund against which it is drawn until accepted by the drawee, still the law recognizes that the funds are placed in the bank for the purpose of paying checks drawn by the depositor on the bank. Hence the law requires one holding a check to use reasonable diligence in presenting it for payment. By the weight of authority, where the holder of a check is in the same place where the bank is located, it must be presented before the close of the banking hours of the bank on the day following the day of its receipt. California has the same statute as this territory regarding checks, and the Supreme Court of that state have adopted the rule stated herein. In the case of *Ritchie, Osgood & Co. v. Bradshaw. & Co.,* 5 Cal. 228, it is said: 'The payee of a check, in presenting it for payment, in order to hold the drawer, is bound to the exercise of reasonable diligence. That reasonable diligence in the presentation of a check drawn upon a banker has, by the uniform current of authority, been held to have been sufficiently exercised by the presentation for payment upon the next day during the usual banking hours.' To the same effect are the following cases: *Himmelmann v. Hotaling,* 40 Cal. 111 [6 Am. Rep. 600], *Simpson v. Pacific Mutual Life Ins. Co.,* 44 Cal. 139; *Holmes v. Roe* [62 Mich. 199], 28 N. W. 864 [4 Am. St. Rep. 844], and Tiedeman on Commercial Paper, p. 725, sec. 443. See, also, Cyc., vol. 5, p. 531. The statute expressly excepts checks from the operation of this law on bills of exchange, in that a check must be presented without delay; but, if the holder delays beyond a reasonable time for presentment, the drawer is exonerated only to the extent of his injury. The check was properly signed, as stated before, on April 2d, and the appellee should have presented it for payment on the 3d of April but for the fact that that day was Sunday. Therefore he had all of the banking hours of the 4th of April in which to present it."

The facts in the case at bar are: That plaintiff received the check between eleven and twelve o'clock on November 6th. That at that time, under an agreement among the banks of the city of Lawton, depositors were not being paid but $5 a day; that is, no depositor could draw out in cash more than $5, in one day. That the balance of any deposit, if paid at all, was paid in what was termed clearing house certificates. The plaintiff was not a depositor of the Merchants' & Planters'

Bank, but did his banking business with another bank. He testified that it was his custom to deposit all checks received on one day early the next morning, and that on the morning following the date of the check he presented it at the bank at which he did business, but was refused credit for same, because the Merchants' & Planters' Bank, on which the check was drawn was closed, and paid no checks thereafter. These facts being so similar to those involved in the School District case, *supra,* at least the law being so similarly applicable to the facts in the two cases, the application in *'School District No. 57 v. Eager* is followed, and the judgment of the county court should be affirmed.

By the Court: It is so ordered.