### J. S. MARTIN LUMBER CO. v. RICE.

No. 18842.   Opinion Filed Feb. 5, 1929.

Rehearing Denied April 30, 1929.

Hulsey & Hulsey, for plaintiff in error.

Claud Briggs, for defendant in error.

HERR, C. This is an action brought in the district court of Latimer county by J. S. Martin Lumber Company against A. J. Rice, to recover on open account and to foreclose a materialman's lien. The defense was payment. The trial was to a jury resulting in a verdict and judgment in favor of defendant. Plaintiff appeals.

The main assignment of error is that the court erred in overruling plaintiff's motion for a directed verdict.

It is undisputed that, on the 6th day of May, 1924, defendant gave to plaintiff his check drawn on the First State Bank of Gowen, Okla., for $500 in full settlement and payment of the account, and it is further undisputed that the defendant had

at said time sufficient funds on deposit to his credit in said bank to meet said check.

The check was delivered to H. M. Ross, the managing agent of plaintiff, in person, in the town of Gowen, at about 1:30 p. m. Mr. Ross was within several blocks of said bank at the time the check was received by him. The check, however, was not immediately presented for payment, but was taken by Mr. Ross to the town of Hartshorne, a distance of seven miles, the place of business of plaintiff, and placed in the hands of the First State Bank of Hartshorne for collection, with instructions to said bank to send the said check direct by mail. There was only one mail each day between Hartshorne and Gowen. The mail was carried overland by horse-drawn conveyance, and the distance traveled over the route between these points was 18 miles.

The check was received by the bank of Gowen by mail on May 9, 1924, and by it marked "paid," and charged to the account of defendant on May 10th, and its draft of that date for the amount thereof was issued and drawn on the First National Bank of Hartshorne and mailed to the First State Bank of Hartshorne. This draft was received by said First State Bank of Hartshorne on May 13th, and was on the same day by it presented to the First National Bank of Hartshorne for payment, but payment thereon was refused by said bank for the reason that the issuing bank had been closed and taken over by the State Bank Commissioner.

The evidence is undisputed that the bank remained open and transacted business in the usual manner from the 6th day of May, the date the check was issued, until the morning of the 15th of May when the same was closed.

Under the above state of facts, we are of the opinion that the evidence was sufficient to go to the jury on the question of diligence in presenting the check for payment.

It is well established that the acceptance of a check as a medium of payment implies an undertaking of due diligence in presenting the same for payment, and if a loss results through lack of diligence in presenting the same, the loss falls on the holder and not on the drawer of the check. 21 R. C. L. 66.

The fact that the agent of the holder of the check was within a few blocks of the bank on which the check was drawn, at the time it was delivered, that the place of business of the holder was only seven miles distant from the bank, and that the same was not presented until four days after its delivery and then by circuitous route, by mail, without a demand for the cash, are facts sufficient from which the jury was authorized to find negligence.

If the bank were insolvent, as intimated by the plaintiff, when the check was issued and delivered, and could not have paid the same even though promptly presented, of course, plaintiff would not be liable. But if this were a fact, the burden was on plaintiff to prove the same.

In 5 R. C. L. at page 512, the following rule is announced:

"It seems that the burden of proof is on the holder of the check to show that no loss or injury has resulted to the maker through delay in making presentment and giving notice. If the drawer establishes negligence or undue delay in the presentation of his check, and the failure of the drawee bank, after the expiration of the period within which, with due diligence, the check should have been presented for payment, the presumption of injury to the drawer arises, casting upon the holder the burden of proof to show that the drawer has suffered no loss or damage by the delay."

The cashier of the defunct bank testified at the trial, but no attempt was made to prove that the check would not have been paid, even though the same had been timely presented and payment demanded. In these circumstances, under the showing made by defendant, it cannot be said that the evidence was insufficient to establish damage.

The trial court properly denied plaintiff's motion for a directed verdict.

Judgment should be affirmed.

BENNETT, LEACH, TEEHEE, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.