## WILKINS v. GANNON et al.

No. 23448. Sept. 10, 1935.

Wilson & Wilson, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

GIBSON, J. For convenience, Gannon will be referred to herein as plaintiff, and Wilkins as defendant.

The plaintiff recovered judgment against the defendant in the district court of Garfield county upon a note and foreclosing a mortgage on certain real property. A receiver had been appointed to collect rents and profits arising from the mortgaged premises. The receiver was ordered to apply surplus collections on the indebtedness. On July 25, 1931, the receiver, in compliance with the order of court, gave plaintiff a check for $40 to be applied upon the indebtedness. The check was drawn on the Garfield County Bank and was delivered to the plaintiff in the bank. July 25th was on Saturday. The plaintiff accepted the check, went to his office across the street and made entry of the check on his private records. On July 25, 1931, in the afternoon, he presented the check for deposit in the First National Bank. It would have been cleared on the Garfield County Bank Monday, July 27th at ten o'clock a. m. The Garfield County Bank closed its doors Saturday evening, July 25th, and did not open again.

The defendant filed his motion in the orig-

inal action asking the court to allow and order a credit on the judgment for the amount of the check. From an order overruling the motion, defendant has appealed.

Defendant contends that the plaintiff was negligent in failing to obtain the money on the check from the Garfield County Bank on the day on which it was issued and delivered to him.

Section 7856, C. O. S. 1921 (sec. 11485 O. S. 1931), provides as follows:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

What constitutes a reasonable time in presenting a check for payment depends upon the circumstances of each particular case. 8 C. J. 538; Sinclair Ref. Co. v. Keith, 97 Okla. 55, 221 P. 1003. And the holder thereof must use due diligence in obtaining the money. 15 R. C. L. 506.

Where the holder of a check is in the same place where the drawer bank is located, the well-established rule governing reasonable time for presentment is stated by this court in School District No. 57 et al. v. Eager, 19 Okla. 235, 91 P. 847, as follows:

"By the weight of authority, where the holder of a check is in the same place where the bank is located, it must be presented before the close of the banking hours of the bank on the day following the day of its receipt."

It is also held in that case that a check must be presented without delay; that if the holder delays beyond a reasonable time for presentment, the drawer is exonerated to the extent of the injury caused by such delay. And that decision, wherein the following business day after receipt of the check is held to be within the limits of a reasonable time for presentment, is supported by the rule stated in 5 R. C. L., page 509, as follows:

"It is an almost universal rule, that if the bank upon which the check is drawn and the holder are in the same place, the check must, in the absence of special circumstances, be presented for payment within the banking hours of the day it is received, or on the day after it is received. And if the bank fails in the meantime, the loss will unquestionably fall upon the drawer. Every drawer of a bank assumes the risk of the drawee's solvency during that period of time. In other words, the reasonable time for presentation and demand for payment is deemed to be within the day following the endorsement. * * *"

It is argued that, under the peculiar circumstances of this case, the plaintiff failed to exercise due diligence in presenting the check. Counsel say the circumstances here presented are wholly different from the situation out of which the foregoing announced rule arose. Here the check was received by the holder in the bank on which it was drawn, the cash was immediately available, the payee deliberately chose to take the check in lieu of cash, and, for his own convenience, walked away with the check instead of cash, where it would have been reasonable to have obtained the cash immediately.

The question presented is whether or not the act of the plaintiff in not presenting the check for payment when he was in the drawee bank amounted to lack of due diligence, and that the presentment thereof on the next business day was not a presentment within a reasonable time after its issue.

In Martin Lbr. Co. v. Rice, 136 Okla. 172, 276 P. 733, this court in discussing the question of burden of proof in such cases, stated as follows:

"The burden of proof is on the holder of a check to show that no loss or injury has resulted to the drawer through delay in making presentment. If the drawer of a check, having on deposit sufficient funds to meet the same, establishes undue delay in the presentation of the same, and the failure of the drawee bank after expiration of the period within which, with due diligence, the check should have been presented for payment, the presumption of injury to the drawer arises, casting upon the holder the burden of proof to show that the check would not have been paid because of the insolvency of the drawee bank, even though timely presented, and that the drawer therefore, suffered no loss by reason of the delay."

In the present case loss has resulted to the defendant through the delay of plaintiff in presenting the check. There was money on deposit to pay. The plaintiff had one opportunity to present the check and elected not to make presentment. The bank failed subsequent to that opportunity. It is stated in 3 R. C. L., page 833, that a check is intended for immediate payment, not for circulation. The plaintiff placed the check in another bank for collection instead of presenting the same for payment. This, he contends, he had a right to do under the well-established rule governing such transactions. The rule that the check may be presented during the course of the next business day has always yielded to special circumstances. 8 C. J., par. 753, 5 R. C. L. 509. The special circumstance in this case is, as contended by

448

defendant, the plaintiff's failure to collect the money when he had an opportunity to do so.

In the absence of notice on the part of the holder of a check of the insolvency or precarious condition of the drawee bank, the holder is not bound to make presentment at his first opportunity (5 R. C. L. 506), but he was bound to present the check for payment "within a reasonable time after its issue", according to the Negotiable Instruments Law (sec. 7856, supra). That time extends through the banking hours of the next business day after issue, according to the established rule. In the instant case the holder did not know the bank was in a failing condition.

The Arizona Supreme Court, in Empire-Arizona Copper Co. v. R. W. Shaw, 181 P. 464, 4 A. L. R. 1229, in considering a state of facts similar to the facts here presented, had the following to say:

"The holder of the check was not bound to present it for payment 'at the earliest opportunity,' as contended by appellants, but he was bound to present the check for payment 'within a reasonable time after its issue' to prevent the discharge of the drawer to the extent of loss arising from unreasonable delay. Paragraph 4331, supra. * * *"

Paragraph 4331 of the Arizona statutes (Civ. Code 1913) is identical with our section 7856.

Defendant contends that there are other circumstances connected with the present case sufficient to place it outside the general provisions of the Negotiable Instruments Law. This, he says, is a proceeding in equity concerning his rights over which he has no control; that the check in question was issued by the receiver on a specific or special fund, the legal title to which was in the receiver, to the plaintiff who held the equitable title, and that said check constituted an assignment of the fund in the bank.

While section 7859, C. O. S. 1921 (sec. 11488, O. S. 1931), provides that a check may not operate as an assignment of a fund so as to bind the drawee bank in the absence of acceptance or certification on the part of the bank, it is held that under certain circumstances a check may operate as an equitable assignment as between the drawer and holder. Rogers v. Harris, 76 Okla. 215, 184 P. 459-463; McClain & Norvett v. Torkelson, 187 Iowa, 202. 174 N. W. 42. 5 A. L. R. 1667. These authorities, however, do not involve checks issued by receivers under order of court.

An ordinary chancery receiver is not, as a rule, vested with the legal title to property in his hands. His possession is the possession of the court appointing him, and, while the property is in his hands, it is in the custody of the law. 23 R. C. L. 53-54. He holds the property by the same right and title as the person for whose property he is receiver. 23 R. C. L. 56; Lawson v. Warren, 34 Okla. 94, 124 P. 46, 42 L. R. A. (N. S.) 183; Van Meter v. State ex rel. Mothersead, 132 Okla. 230, 270 P. 41; State v. Ray, 131 Okla. 45, 267 P. 844; Flynn v. Lowrance, 110 Okla. 150, 236 P. 594; Turk et al. v. Kramer et al., 138 Okla. 35, 280 P. 266. In Lawson v. Warren, supra, it is said that the receiver stands in the shoes of the debtor. Therefore, the act of the receiver in the present case in issuing the check to the plaintiff was the act of the defendant debtor; and the check in question was issued subject to the provisions of section 7856, supra, and was presented within a reasonable time as expressed in School District No. 57 et al. v. Eager, supra.

We see no sufficient reason for placing this case outside the operation of the general rule. The judgment of the trial court is therefore affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.