**HART, Trustee, v. SCHENCKE, Rec., et al.**

No. 24449.   Oct. 8, 1935.

M. A. Dennis, for plaintiff in error.

Steele & Boatman and J. P. Hannigan, for defendants in error.

RILEY, J. This is an appeal from an order dissolving an attachment.

Plaintiff in error, plaintiff below, is the trustee for the owners of certain property located in Okmulgee, Okla.

The Blackburn Drug Company leased said premises and was, prior to the commencement of this action, conducting a drug business therein, and was indebted to plaintiff in the sum of $700, for back rent.

On September 24, 1932, the drug company made an assignment for the benefit of creditors naming the Central National Bank of Okmulgee as assignee.

The assignment was in writing and properly acknowledged. Whether or not it was recorded does not appear from the record.

The assignee took charge of the stock of goods and fixtures, and thereafter entered into a written agreement with E. J. Buxton

for the sale of said property for the sum of $3,500, subject, however, to the approval of all the creditors of the drug company, to be obtained within 30 days.

The Fox-Vliet Drug Company, one of the creditors, on September 30, 1932, commenced an action against the Blackburn Drug Company upon its claim. It made the Central National Bank, assignee, a party defendant, alleging in substance that the assignment was void because in violation of the Bulk Sales Law (St. 1931, s. 10014 et seq.).

Application was made for the appointment of a receiver. Notice of the application for receiver, and for a hearing thereon October 5, 1932, was served upon the Blackburn Drug Company and the bank. This notice was served September 30, 1932.

On October 1, 1932, plaintiff in error, W. H. Hart, trustee, commenced this action on his claim for rent. He alleged in part that "defendant is about to remove its stock of merchandise from said premises and deprive the plaintiff of his statutory landlord's lien on said merchandise and fixtures."

On the same day he filed an affidavit for an attachment, alleging therein that there was due him for rent the sum of $700, and "that defendant is about to remove its property from said leased premises, and that affiant as such landlord has a lien on all the goods, wares, stock, furniture, fixtures and personal property belonging to the defendant, and situated and located in said leased premises."

An undertaking for attachment was filed and approved and a writ of attachment was issued and executed the same day.

On October 5, 1932, when the application for appointment of a receiver in the Fox-Vliet Case came on for hearing, the Blackburn Drug Company and the Central National Bank appeared and consented to the appointment of a receiver. W. T. Hart was also present by his attorney and agreed that a receiver be appointed. All agreed to the appointment of Carl E. Schencke; that the business could not be operated more than one month except by agreement and order of court. It was further agreed in open court that:

"The receiver proceed to advertise the assets of the Blackburn Drug Company for sale; * * * that the receiver will make a return in open court on November 1, 1932, at 10 o'clock a. m. of the bids received by him, and that the sale shall be subject to confirmation by the court."

The court thereupon ordered the receiver to advertise the assets for sale in accordance with the agreement, and file his report of bids received on November 1st.

The stock, fixtures, accounts, etc., of the B'ackburn Drug Company were advertised and sold under said orders for the sum of $4,678, and on November 1, 1934, the court confirmed the sale.

On November 5th, Carl E. Schencke, receiver of the Blackburn Drug Company, filed an application for leave to intervene in the action of W. T. Hart, trustee, against the Blackburn Drug Company, and that said cause be consolidated with the case of Fox-Vliet Drug Company against the Blackburn Drug Company. On the same day the court made an order permitting the intervention and consolidating of said causes.

On October 24, 1932, Schencke, as receiver, filed a motion to dissolve the attachment theretofore obtained by Hart, trustee. Therein he set up as grounds for dissolution of the attachment the agreement of all parties, including Hart, to the appointment of the receiver, the assignment for the benefit of creditors, and a denial of the facts stated in the affidavit for attachment. Thereafter the Blackburn Drug Company filed its motion to dissolve the attachment and as grounds adopted the allegations of the motion of the receiver.

After the order was made consolidating the two causes, the Blackburn Drug Company and the receiver filed their answer to Hart's petition.

On November 2nd, plaintiff Hart filed a demurrer to the motion of the receiver to dissolve the attachment. As grounds for demurrer, he alleged: The motion fails to state facts sufficient to entitle the receiver to the relief prayed for; that the receiver had no legal capacity to maintain and prosecute the motion, and that the receiver is not the real party in interest.

The demurrer was overruled. Hearing on the motions to dissolve the attachment was had November 25, 1932, resulting in an order dissolving the attachment.

It is contended that the court should not have dissolved plaintiff's attachment, and plaintiff's demurrer to defendant's evidence should have been sustained.

As to the latter proposition, the record does not show that plaintiff demurred to defendant's evidence, and there was therefore no demurrer to sustain.

The theory of plaintiff, from the allegations of the petition and affidavit for attachment, appears to be that he had a statutory lien upon the property of the tenant located in the leased building for the rent. Such is not the law. Section 7366, C. O. S. 1921, does provide that when any person who shall be liable to pay rent, "whether the same be due or not, if it be due within one year thereafter," intends to remove, or is removing, or has, within 30 days, removed his property or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts and executing an undertaking as in other cases, an attachment shall issue in the same manner and with like effect as is provided by law in other actions.

In Tootle, Wheeler & Motter Merc. Co. v. Floyd, 28 Okla. 308, 114 P. 259, it was held that an attachment may issue under the provisions of said section at the instance of the landlord to enforce the payment of rent on a store building.

But in Beane et al. v. Rucker et al., 66 Okla. 299, 168 P. 1167, it is expressly held that said section does not give such landlord a lien on the property located within the leased premises, but merely affords additional grounds for attachment.

There was no statutory lien, and plaintiff's right to an attachment depended upon the existence of one or more of three facts, viz., whether defendant intended to remove, was removing, or had within 30 days prior to the commencement of the action removed its property or a part thereof from the leased premises.

The motion to dissolve the attachment was tried upon the first of these three questions, as there was no evidence that defendant was removing or had within 30 days removed its property or a part thereof from the leased premises. Plaintiff relied wholly upon the assignment for the benefit of creditors to show an intention to remove the stock and fixtures from the leased premises. The witnesses for defendant all testified that there was no intention to remove the property or any part thereof from the leased premises.

Said contract of sale expressly provided that such sale should become effective only after the creditors of the Blackburn Drug Company had authorized and consented to said sale. Plaintiff did not consent thereto, and the Fox-Vliet Drug Company, another creditor, refused to consent thereto. There

was therefore no sale made, and plaintiff being a creditor, by refusing to consent to such sale, could effectively prevent the sale. Furthermore plaintiff expressly consented to the appointment of a receiver and the sale of the property by him. This would appear to be a clear waiver of plaintiff's rights under his attachment, since it would be impossible to sell the property by the receiver, and also by the sheriff under the writ of attachment.

When plaintiff consented to the appointment of a receiver and agreed that he might take possession of the property and sell it, he in effect consented that the sheriff, who held the property under the writ of attachment, might surrender all the attached property to the receiver.

It is next contended that the court erred in permitting the receiver to file and present the motion to dissolve the attachment. It is contended that no person other than defendant may move to dissolve an attachment.

But in this case defendant, as well as the receiver, moved to dissolve the attachment and both motions were tried together. The right of defendant so to do is beyond question. Therefore, we deem it unnecessary to consider the question of the right of the receiver to file and present such motion.

Under the rule announced in Hockaday. Harmon & Roe v. Drye, 7 Okla. 288, 54 P. 475, and Jones v. Thompson, Sheriff 68 Okla. 247. 173 P. 519, after the execution of the assignment for benefit of creditors, the assignor did not have an attachable interest in the property until after the expiration of 20 days in which to file the assignment and inventory. In the Hockaday Case it was held that the assignor has 20 days after the execution of the assignment in which to make and file the inventory required by law, and that, during said time, the assignor has not an attachable interest in the property.

In Jones v. Thompson. Sheriff, supra, it is he'd that the execution and delivery of the assignment vested an inchoate title in the assignee. and that the provision requiring the same to be recorded is a condition subsequent and not precedent to the vesting of title of the property in the assignee.

There was no error in dissolving the attachment, and the order so doing is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.