WELLBRO BUILDING COMPANY, a corporation, Plaintiff in Error,

v.

Warren L. McCONNICO, Receiver, Starfire Boat Corporation, and Charles S. Kopp, d/b/a Charles S. Kopp, Insurance Agency, Defendants in Error,

and

Ed Neibling, Trustee of the Estate of Starfire Boat Corporation, a corporation, a bankrupt, Intervener.

No. 40971.

Supreme Court of Oklahoma.

Dec. 27, 1966.

Hall & Sublett, by John W. Sublett, Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for defendant in error, Warren L. McConnico, Receiver, and Ed Neibling, Trustee of Estate of Starfire Boat Corporation, a Corporation, a bankrupt, intervener.

WILLIAMS, Justice.

The plaintiff in error, Wellbro Building Company, intervened in the trial court in the cause from which this appeal arose, after judgment had been granted the plaintiff therein, and after a receiver had in aid of execution initiated proceedings for sale of personal property, fixtures and equipment owned by the debtor, Starfire Boat Corporation. Consideration by the court of Wellbro's petition, and objection to the sale was postponed until after the receiver's sale.

The receiver's sale was held, the property being sold at public auction. His report thereof was filed, and confirmed by the court. After that sale it was stipulated by the receiver and intervener that the claimed lien of the intervener against said personal property would be continued against the sale proceeds to the same extent as if the property involved had not been sold.

Later, on January 17, 1964, Wellbro's objections to the sale and application that proceeds of the sale be required to be turned over to it were denied. Wellbro's motion for a new trial was overruled.

Wellbro contends ·that as lessor of its business building to Starfire Boat Corporation and pursuant to certain provisions of the lease contract between Wellbro and Starfire it possessed a special interest in and lien upon the personal property of said lessee located on the premises; that the terms of the written lease agreement between Wellbro and Starfire provided that should there be default by the lessee in payment of rents, or should the lessee become a bankrupt, or an insolvent, the lessor had the right to take and seize any personal property of the lessee located on the premises and sell the same, or any part thereof, in satisfaction of unpaid rents; that by its failure to pay the respective $900 rent payments which were due on August 1st, 1963, and September 1, 1963, Starfire had made default of its lease with Wellbro; that pursuant to terms of said lease, Wellbro had declared the lease in default as to all remaining unpaid payments thereof through the 15th of January, 1964, when the lease term ended and had made demand on the lessee for payment thereof; that such demand had been refused; that the total of the thusly matured remaining unpaid monthly payments amounted to $4,950, with interest thereon at 6% per annum, which amount was a lien upon Starfire's personal property located on the leased premises; and that the assets of Starfire passed into the receiver's hands burdened in the same manner as the debtor itself previously had held them.

The record and pleadings before us in this case show Starfire's chattels came into the possession of the receiver. Wellbro does not contend it acquired possession of the chattels on the premises. The lease was never filed of record in the office of the county clerk. Wellbro did not attach any property belonging to Starfire.

The lease between Wellbro and Starfire in question herein in pertinent part provides:

"Provided always and these presents are upon the condition that if such rent or any part thereof shall at any time be in arrears or unpaid * * * or in the event the lessee shall become bankrupt or insolvent or shall compound with creditors, then in any such case it shall be lawful for the lessor or any person or persons duly authorized by lessor in that behalf, to enter into and upon said demised premises * * * and the lessor shall also have the right to take immediate possession of the premises * * * Lessee waives all right of exemption from sale or seizure under distress or execution that he now or hereafter has by virtue of any law exempting personal property from seizure and sale and hereby gives lessor full power, authority and right to take and seize any personal property, whether exempt by law or not, and sell the same or any part in satisfaction of said rent and damages."

■ It should be noted that the lease involved herein was executed prior to midnight December 31, 1962, the effective date of the Uniform Commercial Code, and therefore the lien created thereby, if any, is to be construed in accordance with prior law.

■ Section 6, 42 O.S.1961, provides that a lien may be created (1), by contract, or (2), by operation of law. Section 1, 42 O.S.1961, provides:

"A lien is a charge imposed upon specific property, by which it is made security for the performance of an act."

In 53 C.J.S. Liens § 2(b), p. 835, it is stated:

"In order that a lien may be created by a contract, express or implied, it is generally necessary that the language of the contract or the attendant circumstances should clearly indicate an intention of the parties to create a lien on the specific property, and should show a specific charge on, or appropriation of, that property; and, if it is intended to create a lien at the time of the execution of the contract, the words creating the lien should be in praesenti."

■ In our opinion, the above contractual language of the lease between Wellbro and Starfire clearly creates a lien upon the personal property on the leased premises by making such property security for the performance of the payment of the required rental, and, further, the contractual language, "hereby gives lessor * * *", creates a lien as of the execution date of the lease.

In his brief, the receiver appears to assume that the above quoted language does create a valid contractual lien, but argues that such lien was not perfected as required under 41 O.S.1961, § 27, which provides:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things), intends to remove or is removing, or has, within thirty days, removed his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action; and upon making an affidavit, stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions. R.L. 1910, § 3809."

■ We have previously held that this section does not give a landlord a statutory lien on the property located on leased premises but merely affords additional grounds for attachment to enforce the collection of rent. Hart v. Schencke, 174 Okl. 134, 50 P.2d 159; Beane v. Rucker, 66 Okl. 299, 168 P. 1167.

The receiver has cited no authority, and this Court has found none, which supports his theory that in order for contractual liens to attach to personal property they must be

perfected under the provisions of 41 O.S. 1961, § 27, supra.

In Smith v. Commerce Inv. Co., 175 Okl. 621, 54 P.2d 328, a landlord intervened in a suit against its defaulting tenant and alleged that it had a lien on certain personal property to secure rental payments. The Court allowed the intervention and found that the landlord did have such a lien. Although this Court reversed the lower court on the ground that the existence of the lien under the evidence in the proceeding was a fact question to be determined by the jury, there was no contention made by the parties, and none discussed by this Court, that such lien was required to be perfected under the provisions now contained in 42 O.S.1961, § 27.

In Harbour-Longmire Co. v. Reid, 124 Okl. 77, 254 P. 29, a landlord instituted a replevin action to recover possession of certain property he alleged was charged with a lien to secure rental payments. The action was instituted against the holder of a chattel mortgage on the property, and the question involved the relative priority of the landlord's contractual lien and the chattel mortgage. Again, the parties made no contention, and none was discussed by this Court, that the contractual lien was required to be perfected under the provisions of § 27, and the clear import of the opinion is that the contractual lien attached from the execution date of the lease, or, in the case of after acquired property, from the date such property was acquired by the tenant. From these opinions, it is clear that this Court has never required a landlord's contractual lien to be perfected by attachment pursuant to 41 O.S.1961, § 27.

 If we were to hold that such liens must be perfected under § 27, a landlord who had contracted for a lien in an effort to secure the payment of the required rental payments would rarely, if ever, be in a better position than a landlord who had no such contractual lien, but who, upon the lessee's default, brought suit and simultaneously therewith attached lessee's personal property. In our view, the receiver's argument does not take into consideration the distinction between contractual liens, which create a security interest, and the provisions of § 27, which merely afford the unsecured landlord an additional ground of attachment at time of suit for the collection of rent.

For these reasons, we can not accept the receiver's theory that for a landlord's contractual lien to attach to personal property it must first be perfected by taking possession under 41 O.S.1961, § 27.

 As the receiver herein took the assets of the debtor, Starfire Boat Corporation, subject to all liens, claims and valid contractual obligations which could have been asserted against the debtor, the contractual lien of Wellbro remained a charge upon the personal property of the debtor now in the custody of the receiver. St. Louis & S. F. Ry. Co. v. Ravia Granite Ballast Co., 70 Okl. 273, 174 P. 252; Southern Surety Co. of N. Y. v. Money, 190 Okl. 129, 121 P.2d 295; Wilkins v. Gannin, 173 Okl. 446, 49 P.2d 78; 45 Am.Jur., Receivers, § 157, p. 131. The receiver argues that as Wellbro had no lien at the time the receiver was appointed, it cannot obtain a lien on the property now in the receiver's hands, and cites as support, Hoevet v. Westwood Lumber Company, 170 Or. 423, 134 P.2d 738. However, as we have decided that Wellbro had a valid contractual lien on Starfire's personal property on the leased premises dating from the execution of the lease, the receiver's contention is not applicable, being based upon a false premise.

It appears that during the pendency of the proceedings in the trial court from which the instant appeal was taken, an involuntary bankruptcy petition was filed against Starfire and it was adjudicated a bankrupt. The Trustee in Bankruptcy made no effort to intervene in the trial court but did, with the permission of this Court, intervene herein. He argues principally that the receiver appointed by the lower court should turn over the assets in his hands to such Trustee. He states that at a hearing in the Bankruptcy Court the receiver agreed

to do so. He then adds that "as their appeal was pending before this Court, the said order was stayed pending the outcome of this appeal." We take it that the Bankruptcy Court is awaiting our determination as to whether Wellbro had a valid lien on the personal property of Starfire located in the building leased by Starfire from Wellbro. As above noted, we have held it did.

It should be noted that this opinion is restricted to the rights of the parties herein involved and nothing herein contained considers or determines the rights of third parties who may assert an interest in or claim to the property in the possession of the receiver.

The order and/or judgment of the lower court is hereby reversed and this cause is remanded to said court with directions to vacate said order and/or judgment and proceed in a manner not inconsistent with the views expressed herein.

DAVISON, BLACKBIRD, IRWIN, BERRY, and LAVENDER, JJ., concur.